Corrie Yackulic, WSBA No. 16063
**Corrie Yackulic Law**
110 Prefontaine Place South, Suite 304
Seattle, WA 98104
corrie@cjylaw.com

Rachel B. Abrams
William H. Cross
**Levin Simes Abrams LLP**
1700 Montgomery Street, Suite 250,
San Francisco, CA 94111
P: (415) 426-3000 | F: (415)-426-3001
rabrams@levinsimes.com
wcross@levinsimes.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFREY HUNTINGTON,<br>        Plaintiff,<br><br>vs.<br><br>SMOKE CITY FOR LESS LLC d/b/a<br>SMOKE CITY FOR LESS; LG CHEM<br>LTD.; AND DOES 1-50<br><br>        Defendants. | **Case No.:** _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, Jeffrey Huntington (hereinafter "Plaintiff") by and through his attorneys of record, and for causes of action against the above-named Defendants complains, alleges, and states as follows:

COMPLAINT AND DEMAND FOR JURY
TRIAL
Page- 1

# I.    __PARTIES__

1.      Plaintiff Jeffrey Huntington is a resident of and is domiciled in the State of Oregon. At the time of the incident that forms the basis of this lawsuit, Plaintiff resided in Plymouth, Washington. He moved to Oregon in 2020.

2.      At all times material hereto, Smoke City for Less LLC d/b/a Smoke City for Less (hereinafter "Smoke City"), is and was a Washington Corporation with its principal place of business located at 3600 W Clearwater Ave, Kennewick, WA 99336.  Its registered agent for service is Ibrahim Jaber, who may be served at the same address.

3.      Upon information and belief, Smoke City operates no fewer than four separate locations in the greater Pacific Northwest. It has three stores in the State of Washington, one in Pasco, one in Richland, and one in Kennewick. Its Oregon retail location, which does business as "Smokecity4less," and from which Plaintiff purchased the LG MH1 3200mAh 10A rechargeable lithium-ion battery that exploded and injured him (hereinafter "the Subject Battery"), is located at 125 SE 4th St., Hermiston, Oregon 97838.

4.      Upon information and belief, and at all times relevant hereto, Smoke City was and is engaged in the business of designing, developing, manufacturing,

testing, packaging, promoting marketing, distributing, labeling, and/or selling rechargeable 18650 lithium-ion batteries like the Subject Battery.

5.    At all times material hereto, Defendant LG Chem Ltd. (hereinafter "LG Korea") is a multi-national chemical corporation founded in Korea in 1947, and organized under the laws of the Republic of Korea.  It boasts of leading the global market in the manufacture and sale of lithium-ion batteries like the Subject Battery.  It has a network of wholly owned subsidiaries in and throughout the United States that work together to sell various products nationwide.

6.    LG Korea designed, manufactured, distributed, sold, and/or otherwise placed the Subject Battery that injured Plaintiff into the stream of commerce.

7.    The instant case involves the explosion of a lithium-ion battery and the Subject Battery, and other similar/identical 18650 lithium-ion batteries, which were advertised, marketed, sold, distributed, and placed into the stream of commerce through the engagement of LG Korea and one or more distributors and/or retailers who sell and distribute LG products, including the Subject Battery and similar batteries to consumers.

8.    LG Korea sells lithium-ion batteries to Chinese companies known to LG Korea to be distributors of e-cigarette and personal vaping products, including the Subject Battery.  LG Korea knows and intends that the Chinese entities to which

COMPLAINT AND DEMAND FOR JURY TRIAL
Page- 3

CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, STE. 304
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

it sells its products, including lithium-ion 18650 batteries, will distribute said products to e-cigarette and vaping retailers, wholesalers, and distributors throughout the United States, including in Oregon and Washington States.

9.      At all times relevant, Defendants Does 1 through 50, are individuals or entities, including any successor and/or predecessor companies thereto, that designed, manufactured, produced, assembled, supplied, wrapped, sold, repaired, and/or distributed the subject batteries and/or similar lithium-ion 18650 batteries manufactured by Defendant LG Korea. Plaintiff does not know and cannot ascertain the true names of Defendant Does 1 through 50 despite due diligence on his part. Upon information and belief, Defendant Smoke City is the seller of the Subject Battery.  Defendant Smoke City is the entity which can provide information as to the distributors, importers, manufacturers, designers, or corporations to which and/or from which it purchased and/or sold the Subject Battery.  Plaintiff will obtain this information from Defendant Smoke City, through the discovery process, and seek leave to amend the pleading and provide the true names of Defendants Does 1 through 50.

CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, STE. 304
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

## II.   <u>JURISDICTION AND VENUE</u>

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332; the Plaintiff and the Defendants are diverse and the amount in controversy exceeds $75,000.00.

11.     Defendant Smoke City, at all material times, either directly or through entities promoted, distributed, sold, or otherwise placed the Subject Battery into the stream of commerce.  The subject battery was sold for use in Hermiston, Oregon and as a result of the sale, promotion, distribution, placement into the stream of commerce, and/or marketing of such battery, Plaintiff was injured in Washington.

12.     This Court has personal jurisdiction over Defendant Smoke City because at all material times Defendant Smoke City was and is a Washington corporation with its principal place of business located within that state.

13.     Personal jurisdiction is appropriate in this Court as to Defendant LG Korea because of its purposeful, continuous, and systematic contacts with Washington entities and the Washington market including, but not limited to the following:

   a. Committing a tortious act within the State of Washington by selling and delivering defective products to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers.  It

CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, STE. 304
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

knew and intended that such products would be, and were, used by consumers in Washington in the ordinary course of commerce and trade;

b.  Conducting and engaging in substantial business and other activities in Washington by selling products to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers.   It knew and intended that such products would be, and were, used by consumers in Washington in the ordinary course of commerce and trade;

c.  Purposefully directing sales of its products, either directly or indirectly, to the State of Washington with the intent and knowledge that said products would reach and be used by Washington residents and consumers;

d.  At or about the time Plaintiff was injured, Defendant LG Korea engaged in solicitation activities in Washington to promote the sale, consumption, use, maintenance, and/or repair of its products;

e.  At all pertinent times, LG Korea derived substantial revenue from the sale of its products in the State of Washington; and

COMPLAINT AND DEMAND FOR JURY
TRIAL
Page- 6

f.  Selling products with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Washington users or consumers.

14.    Venue is proper in this Court because a substantial part of the events or omissions on which the claims asserted herein are based occurred in this District.

### III.    FACTS

**E-Cigarettes**

15.    E-cigarettes, which are also known as e-cigs, vapes, vape pens, and mods (customizable, more powerful vaporizers) are battery operated devices that deliver nicotine through flavoring and other chemicals to users in the form of vapor instead of smoke.[1]  They were first patented in 2003 and have been available for sale in the United States since 2007.[2]

16.    E-cigarettes are designed to simulate the act of smoking traditional tobacco, allegedly with less of the toxic chemicals produced by the burning of tobacco leaves and other chemicals contained in traditional, combustible

---

[1] *See generally*, *Electronic Cigarettes*, National Institute on Drug Abuse, Rev. March 2018, available at https://www.drugabuse.gov/publications/drugfacts/electronic-cigarettes-e-cigarettes.
[2] McKenna, L., *Electronic Cigarette Fires and Explosions in the United States 2009-2016*, U.S. Fire administration, July 2017 available at https://www.usfa.fema.gov/downloads/pdf/publications/electronic_cigarettes.pdf

COMPLAINT AND DEMAND FOR JURY TRIAL
Page- 7

CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, STE. 304
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

cigarettes.[3]  E-cigarettes offer doses of nicotine with a vaporized solution, often referred to as "juice," "e-liquid," or "pods," providing a physical sensation similar to tobacco smoke.

17.    Generally, electronic cigarettes operate the same way regardless of the model in that they typically consist of at least three (3) component parts: a tank, a battery that works to heat the juices or e-liquid contained in the tank, and an atomizer that converts the liquid into vapor that the user inhales.

18.    E-cigarettes differ from traditional cigarettes in a critical way:  the e-cigarette is battery-operated and uses a heating element to produce vapor, and the traditional cigarette has no electronic component.    While both products may produce a similar physical sensation, e-cigarettes pose an additional danger - the battery-powered heating element, as well as the battery itself - that can and have caused explosions, fires, and serious injury.

19.    E-cigarettes are more dangerous than other products that contain lithium batteries because the e-cigarette is most often designed as a cylindrical device, requiring a lithium-ion battery of a similar shape.    When the device

_____

[3] *See generally*, *Electronic Cigarettes*, National Institute on Drug Abuse, Rev. March 2018, available at https://www.drugabuse.gov/publications/drugfacts/electronic-cigarettes-e-cigarettes.

malfunctions or fails, the battery can be shot out like a bullet or rocket.[4]

20.    At least two deaths have been reported in relation to an exploding e-cigarette.[5]

21.    E-cigarettes have become increasingly popular.  They have been marketed as smoking-cessation aids and as a healthier alternative to traditional tobacco cigarettes.  The selection of products has grown at an extremely rapid rate.

22.    Since their introduction into the United States, sales have risen dramatically from approximately $20 million in 2008 to $2.5 billion in 2012. Industry experts predict the e-cigarette industry will become an $85 billion business within a decade and surpass the tobacco industry.[6]

23.    Until recently, e-cigarette marketing has been unfettered and unregulated.  Whereas tobacco advertisements have been banned on radio and television for more than 40 years, no such restrictions have been instituted in the e-cigarette arena.  Manufacturers, distributors, and sellers of e-cigarettes therefore reach a broader consumer base than the tobacco industry and have the freedom to utilize the same marketing tactics previously employed by big tobacco.  Namely,

---

[4] United States Fire Administration, *Electronic Cigarette Fires and Explosions*, October 2012, at p. 5.
[5] *See* https://www.washingtonpost.com/health/2019/02/05/vape-pen-kills-man-after-exploding-his-mouth/.
[6] Clarke, T., *Reports of E-Cigarette Injury Jump Amid Rising Popularity, United States Data Show*, Reuters.com, April 17, 2012.

COMPLAINT AND DEMAND FOR JURY TRIAL
Page- 9

CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, STE. 304
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

to tout the supposed health benefits of their products absent scientific and medical data to support such claims; to portray e-cigarette smoking as a harmless pastime on TV, radio, and in print; capitalize on individuals already addicted to nicotine; and/or encourage nicotine newcomers (mainly youths and young adults) to pick up the habit.

24.    Despite advertisements that represent e-cigarettes as a healthier alternative to traditional cigarettes, various articles have concluded that the long-lasting effects of smoking e-cigarette devices are unknown.[7]

25.    In 2017, the United States Fire Administration characterized the "combination of an electronic cigarette and a lithium-ion battery" as a "new and unique hazard" because there is "no analogy among consumer products to the risk of a severe, acute injury presented by an e-cigarette."[8]

**Plaintiff's Injury**

26.    Plaintiff began using e-cigarettes in an effort to quit smoking traditional cigarettes.

---

[7] *See e.g.* National Academies of Sciences, Engineering, and Medicine, *Public Health Consequences of E-Cigarettes*, Washington, DC: The National Academies Press, 2018 (characterizing the use of e-cigarettes on public health as "unknown" and conclusively determining e-cigarette smokers are exposed to potentially toxic substances in addition to nicotine).
[8] McKenna, L., *Electronic Cigarette Fires and Explosions in the United States 2009-2016*, U.S. Fire administration, July 2017.

COMPLAINT AND DEMAND FOR JURY TRIAL
Page- 10

CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, STE. 304
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

27.     Plaintiff purchased the Subject Battery from Defendant Smoke City at its Hermiston, Oregon location prior to the subject incident as a power source for his Eleaf iStick Pico Mini e-cigarette device.

28.     On or around November 7, 2019, Plaintiff was working on his truck in his front yard with the Subject Battery and another battery in his left front pocket. Suddenly and without warning, Plaintiff's left pants pocket caught fire.  Plaintiff ripped off his pants as quickly as he could.

29.     Plaintiff used a fire extinguisher to douse the flames.

30.     Plaintiff went to the Good Shepherd Health Care Emergency Room in Hermiston, Oregon, where he received pain medication and was initially diagnosed with second and third degree burns to his left thigh.

31.     Plaintiff was transferred the same day by ambulance to the Legacy Health Emanuel Burn Unit in Portland, Oregon, where Plaintiff received further treatment for his injury and where he stayed for approximately the next eight days before being discharged on or around November 16, 2019.

32.     Plaintiff received follow-up treatment for his burns at the Oregon Clinic Burn Specialists in Portland, Oregon.

33.     Plaintiff struggled to sit, bend, and stoop for several months after the explosion.

CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, STE. 304
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

34.    As a result of the battery explosion, Plaintiff sustained severe, permanent physical and emotional injuries.

## IV.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### *DEFECTIVE DESIGN AND MANUFACTURE*
### *(Against Defendant LG Korea)*

41.    Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-40 above.

42.    At all times material hereto, Defendant LG Korea was engaged in the business of selling, manufacturing, fabricating, designing, assembling, distributing, inspecting, warranting, leasing, renting, retailing, wholesaling, or advertising electronic cigarette products, including but not limited to 18650 lithium-ion batteries.

43.    Defendant LG Korea knew or reasonably should have known that consumers would use the Subject Battery with e-cigarettes, and that consumers would keep said battery close to their person in some manner as Plaintiff did here.

44.    Defendant LG Korea manufactured, designed, assembled, packaged, tested, fabricated, inspected, marketed, distributed, and sold electronic cigarette products, including but not limited to the Subject Battery and each of its component parts with defects in both the design, inspection, manufacturing and distribution, which made it dangerous, hazardous and unsafe for its intended use. The design,

COMPLAINT AND DEMAND FOR JURY TRIAL
Page- 12

CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, STE. 304
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

manufacturing and distribution defects in LG Korea's lithium-ion batteries, including but not limited to the Subject Battery, caused them to explode and/or to catch on fire in the course of their intended use.

45.    LG Korea failed to warn the public and consumers of the dangers in the foreseeable and intended use of their lithium-ion 18650 batteries, including the Subject Battery.

46.    The Subject Battery contained a design and/or manufacturing and/or distribution defect when it was introduced into the stream of commerce by the LG Korea.

47.    The Subject Battery was unsafe for its intended use due to a design and/or manufacturing and/or distribution defect, and it failed to perform as safely as an ordinary customer would expect when used in an intended and foreseeable manner.

48.    The risk of danger in the design of the Subject Battery outweighed any benefits of the design, and safer alternative designs were available at the time of manufacture and distribution. Therefore, the Subject Battery presented a substantial and unreasonable risk of serious injury to the users of said products, or those in the vicinity of said products.

COMPLAINT AND DEMAND FOR JURY TRIAL
Page- 13

CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, STE. 304
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

49.    The Subject Battery was unsafe to an extent beyond that which a normal user would contemplate.

50.    As a direct and proximate result of the defects in the Subject Battery, Plaintiff suffered severe personal injuries.

51.    LG Korea is liable to Plaintiff because of the defective design, manufacture, and/or distribution of its lithium ion 18650 batteries, including the Subject Battery.

### SECOND CAUSE OF ACTION
#### *FAILURE TO WARN*
#### *(Against Defendant LG Korea)*

52.    Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-51 above.

53.    At all times material hereto, Defendant LG Korea was engaged in the business of selling, manufacturing, fabricating, designing, assembling, distributing, inspecting, warranting, leasing, renting, retailing, wholesaling, or advertising lithium-ion 18650 batteries.

54.    At the time that Plaintiff purchased the Subject Battery, it lacked adequate warnings on the inside and outside of the packaging and no warnings were imprinted on the Subject Battery regarding the dangers of use, charging, transportation or storage of the Subject Battery.

COMPLAINT AND DEMAND FOR JURY
TRIAL
Page- 14

CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, STE. 304
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

55.    At the time Plaintiff purchased the Subject Battery, it lacked adequate warnings that would reasonably catch Plaintiff's attention, with regard to the use, charging, transportation or storage of the Subject lithium-ion 18650 battery.

56.    At the time that Plaintiff purchased the Subject Battery, there were inadequate warnings so as to give a fair indication of the risks of the use, charging, storage and/or transportation of the Subject Battery.

57.    At the time that Plaintiff purchased the Subject Battery it lacked adequate warnings of sufficient intensity justified by the magnitude of the risk of the use, charging, storage and/or transportation of the batteries.

58.    Defendant LG Korea knew that consumers would charge, use, store and transport lithium-ion 18650 batteries like the Subject battery.

59.    Defendant LG Korea did not adequately warn the public and consumers of the dangers involved in the reasonable use and storage of the said Subject Battery at issue in this case.

60.    Therefore, the Subject Battery presented a substantial and unreasonable risk of serious injury to the users of said battery, or those in the vicinity of use.

61.    The likelihood that the Subject Battery would cause severe injuries like those suffered by Plaintiff rendered any warnings and instructions inadequate.

CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, STE. 304
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

62.    The Defendants could have provided adequate warnings or instructions but did not.

### THIRD CAUSE OF ACTION
### *NEGLIGENCE*
### *(Against Defendant LG Korea)*

63.    Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegation in paragraphs 1-62 above.

64.    Defendant LG Korea owed a duty of care to consumers, including Plaintiff, to use reasonable care in the design, testing, manufacture, assembly, and sale of the Subject Battery.

65.    Defendant LG Korea designed, manufactured, assembled, marketed, sold, supplied, and distributed the Subject Battery in the regular course of its business.

66.    Defendant LG Korea breached its duty to Plaintiff and other consumers like him in one or more of the following ways:

    a.  Failing to design, manufacture, distribute, and sell the Subject Battery in such a manner that it would not spontaneously heat up and catch fire;

    b.  Failing to design the Subject Battery such that it would not heat up, catch fire, or explode during normal and foreseeable use;

CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, STE. 304
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

c.  Failing to adequately warn of the hazards presented by the Subject Battery, including but not limited to the risk of fire and explosion;

d.  Failing to properly and adequately warn, instruct, or direct customers on proper handling of e-cigarette products, including the subject device;

e.  Failing to adequately test the Subject Battery before and during the design, production, and sale of the Subject Battery to the public;

f.  Failing to institute and maintain adequate quality control policies and procedures to protect against the sale of defective and unreasonably dangerous rechargeable lithium-ion batteries, including the Subject Battery;

g.  Placing a product on the market that was defective, unreasonably dangerous, and unfit for consumer use;

h.  Failing to exercise ordinary care in discharging its duties as a manufacturer and/or seller of rechargeable lithium-ion batteries to its consumers.

67.  It was or should have been foreseeable to Defendant LG Korea that its conduct and/or omissions could cause serious injuries to consumers of its rechargeable lithium-ion batteries, including the Subject Battery, during use by end-consumers like the Plaintiff.

COMPLAINT AND DEMAND FOR JURY TRIAL
Page- 17

CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, STE. 304
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

68.     Defendant LG Korea's actions and inactions, as set forth above, were a substantial and contributing factor in causing Plaintiff's injuries and damages.

## FOURTH CAUSE OF ACTION
### *NEGLIGENCE*
### (*Against Defendant Smoke City*)

69.     Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-68 above.

70.     Defendant Smoke City is liable to Plaintiff for the injuries he sustained from the use of the Subject Battery he purchased from Smoke City due to its negligent distribution, inspection, marketing, warning, and selling of the Subject Battery.

71.     Defendant Smoke City knew or should have known that consumers, including Plaintiff, would suffer injury as a result of its failure to exercise ordinary care as described herein.

72.     Defendant Smoke City breached the duty of reasonable care it owed Plaintiff in the following ways:

      a.  Failing to properly inspect and test LG lithium-ion 18650 batteries before selling them to customers;

COMPLAINT AND DEMAND FOR JURY TRIAL
Page- 18

CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, STE. 304
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

b.  Failing to provide reasonable and adequate warnings to consumers and users of the LG lithium-ion 18650 batteries to alert users of the dangerous conditions described herein;

c.  Selling, distributing, and marketing LG lithium-ion 18650 batteries that were defective, unreasonably dangerous, and unfit for consumer use; and otherwise failing to exercise ordinary care in discharging its duties as a seller of consumer products to the general public;

d.  Failing to take adequate precautions regarding the third-party manufacturers and sellers it partners with are in good standing in their home county or forum; and

e.  Failing to take adequate steps to ensure the products sold by manufacturers and/or other third party sellers on its e-commerce website are safe.

73.    Defendant Smoke City knew or in the exercise of due care should have known that the LG lithium-ion 18650 batteries would be used without inspection in an unreasonably dangerous condition and would create a foreseeable risk of harm to users, such as Plaintiff.

74.    Defendant Smoke City knew or reasonably should have known that the LG lithium-ion 18650 batteries were dangerous or were likely to be dangerous

COMPLAINT AND DEMAND FOR JURY TRIAL
Page- 19

CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, STE. 304
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

when used in a reasonably foreseeable manner.  Defendant Smoke City knew or reasonably should have known that ordinary users, like Plaintiff, would not realize the hazards and risks posed by LG lithium-ion 18650 batteries.

75.    At the time of the incident, Plaintiff was not aware LG lithium-ion 18650 batteries presented any risk of injury to him and had not been advised or informed by anyone that LG lithium-ion 18650 batteries could explode or otherwise pose a risk to his health and safety.

## V.    **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for the following relief:

A. Medical and incidental expenses incurred and to be incurred;

B. Lost earnings and earning capacity, past and future;

C. Pain, suffering, emotional distress, disfigurement, and loss of enjoyment of life, past and future;

D. Punitive damages in an amount to be determined at the time of trial; and

E. Any other relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

//

//

COMPLAINT AND DEMAND FOR JURY TRIAL
Page- 20

CORRIE YACKULIC LAW FIRM, PLLC
110 PREFONTAINE PLACE SOUTH, STE. 304
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 787-1915 • FACSIMILE: (206) 299-9725

Dated this 2nd day of February, 2022

Respectfully submitted,

CORRIE YACKULIC LAW FIRM, PLLC

_____

Corrie Yackulic, WSBA No. 16063
**Corrie Yackulic Law**
110 Prefontaine Place South, Suite 304
Seattle, WA 98104
Telephone: (206) 787-1915
Facsimile: (206) 299-9725
corrie@cjylaw.com

Rachel B. Abrams
William H. Cross
*To Be Admitted Pro Hac Vice*
**Levin Simes Abrams, LLP**
1700 Montgomery Street
Suite 250
San Francisco, CA 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
anehmens@levinsimes.com

*Attorneys for Plaintiff*

COMPLAINT AND DEMAND FOR JURY
TRIAL
Page- 21