FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 18, 2023

SEAN F. McAVOY, CLERK

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7  JEFFREY HUNTINGTON,                    No. 4:22-cv-05014-MKD

8                    Plaintiff,           ORDER GRANTING
                                          DEFENDANT
9        v.                               LG CHEM'S MOTION TO
                                          DISMISS AND DENYING
10 SMOKE CITY FOR LESS LLC d/b/a          PLAINTIFF HUNTINGTON'S
   SMOKE CITY FOR LESS; LG CHEM           REQUEST FOR JURISDICTIONAL
11 LTD; AND DOES 1-50,                    DISCOVERY

12                   Defendant.           **ECF No. 16**

13

14

15       Before the Court is Defendant LG Chem, Ltd.'s ("LG Chem") Motion to

16 Dismiss for Lack of Personal Jurisdiction.  ECF No. 16.  Plaintiff Jeffrey

17 Huntington brings claims of defective design and manufacture, failure to warn, and

18 negligence against LG Chem.  ECF No. 9 at 14-22.  LG Chem moves to dismiss

19 for lack of personal jurisdiction.  ECF No. 16.

20

ORDER - 1

The Court has reviewed the motion and the record and is fully informed. For the reasons stated below, the Court **GRANTS** LG Chem's Motion to Dismiss for Lack of Personal Jurisdiction and **DENIES** Plaintiff's request for limited jurisdictional discovery.

## BACKGROUND

### A. First Amended Complaint

Plaintiff alleges that he purchased a LG MH1 3200mAh 10A rechargeable lithium-ion battery, also identified as a "18650 lithium-ion battery," (the "subject battery") from Defendant Smoke City for Less LLC d/b/a Smoke City for Less ("Smoke City"), in Hermiston, Oregon. ECF No. 9 at 2-3 ¶¶ 3, 7-8; 13 ¶ 40. Plaintiff alleges that on or around November 7, 2019, Plaintiff was carrying the subject battery and another battery in his left front pocket when the subject battery exploded and his pants pocket caught fire. ECF No. 9 at 2 ¶ 3; 13 ¶ 41. Plaintiff alleges that because of the battery explosion, he "sustained severe, permanent physical and emotional injuries." ECF No. 9 at 14 ¶ 47. Plaintiff brings suit against Smoke City, LG Chem, and Does 1-50 for their alleged involvement in providing 18650 lithium-ion batteries to consumers. ECF No. 9.

Plaintiff alleges that LG Chem sells its lithium-ion batteries to Chinese companies that "redistribute LG's products to e-cigarette and vaping retailers, wholesalers, and distributors in the United States." ECF No. 9 at 3-4 ¶ 8. Plaintiff

ORDER - 2

1  also alleges that LG Chem has "not taken steps to curtail the flow of its batteries"

2  to the e-cigarette market, ECF No. 9 at 5 ¶ 13, and that LG Chem has publicly

3  stated its "intent [] to dominate the United States lithium-ion 18650 battery

4  market." ECF No. 9 at 5 ¶ 14.

5      Plaintiff contends that although he is currently a resident of Oregon, ECF

6  No. 9 at 2 ¶ 1, he was injured in Washington, ECF No. 9 at 6 ¶ 18, and was a

7  Washington resident at the time of his injury. ECF No. 9 at 2 ¶ 1.

8  **B. LG Chem's Evidence in Support of its Motion to Dismiss**

9      In support of its motion to dismiss for lack of personal jurisdiction, LG

10  Chem submits the declaration of Hwi Jae Lee ("Lee Declaration"), an employee of

11  LG Energy Solutions, Ltd.[1] ECF No. 17. LG Chem is a Korean company with its

12  principal offices in Seoul, South Korea, is not registered to do business in

13  Washington, does not have an office in Washington, and does not own or lease any

14  _____

15  [1] According to Lee's Declaration, LG Energy Solution, Ltd. ("LGES") was

16  "formed on December 1, 2020, in a spin-off of LG Chem's battery division." ECF

17  No. 17 at 2 ¶ 4. LGES is a subsidiary of LG Chem that became a publicly traded

18  company on January 27, 2022. ECF No. 17 at 2 ¶ 4. Additionally, LGES is in

19  possession of "all business records related to the design, manufacture, distribution

20  and sale of 18650 lithium ion battery cells." ECF No. 17 at 2 ¶ 6.

ORDER - 3

property in Washington.  ECF No. 17 at 2 ¶¶ 7-8.  According to Lee's Declaration, "LG Chem never designed, manufactured, distributed, advertised, or sold 18650 lithium ion cells for sale to or use by individual consumers as standalone, replaceable batteries" and "never authorized any . . . individual or entity" to do so. ECF No. 17 at 3 ¶¶ 11-12.  "LG Chem never provided, advertised, or authorized consumer repair or replacement services for LG 18650 lithium ion cells in Washington."  ECF No. 17 at 4 ¶ 17.  "LG Chem never conducted business with Smoke City (the alleged retailer) or Eleaf (the alleged manufacturer of the device)[.]"  ECF No. 17 at 4 ¶ 15.

Lee's Declaration states that consumers could not purchase 18650 lithium-ion cells through LG Chem's website, and "[t]o the extent consumers could access information about LG 18650 lithium ion battery cells on LG Chem's website . . . the website included an express warning against the use of 18650 cells as standalone, replaceable batteries prior to the alleged incident on November 7, 2019."  ECF No. 17 at 4 ¶ 17.  "The 18650 lithium ion cells LG Chem manufactured are industrial component parts" and "were not designed to be handled by consumers."  ECF No. 17 at 3 ¶ 11.  Lee avers, premised upon a review of sales records, as follows:

> for the time period 2012-2020 . . . LG Chem engaged in a total of three transactions with companies located in Washington that involved 18650 lithium ion battery cells.  Each transaction involved a shipment of 18650 lithium-ion cells to be encased with protective

ORDER - 4

circuitry in a battery pack.  The total number of 18650 cells shipped to entities in Washington was less than 5,000 cells.

ECF No. 17 at 5 ¶ 19.  None of the transactions involved the model type at issue in the Complaint.  ECF No. 17 at 5 ¶ 19. "None of the transactions involved sales or shipments to . . . anyone known to LG Chem to be engaged in the business of manufacturing or selling any type of e-cigarette device."  ECF No. 17 at 5 ¶ 19.

### C. Plaintiff's Evidence in Support of Jurisdiction

In support of jurisdiction, Plaintiff submits the declaration of Nickie Bonenfant, Chief Operating Officer at ImportGenius.  ECF No. 25.  According to the declaration, ImportGenius is a privately held company, which provides access to United States import data via www.importgenius.com.  ECF No. 25 at 2 ¶¶ 3-4. The declaration states that the company obtains its data directly from U.S. Customs Bills of Lading.  ECF No. 25 at 2 ¶ 4.  According to Plaintiff, appendices A-F to Bonenfant's declaration show search results from the ImportGenius database that identify shipments from various LG entities including LG Chem, LG Chem America, and LG Energy Solutions into Washington and that some of those shipments were consigned by LG Chem subsidiaries.  ECF No. 25 at 4-5 ¶¶ 20-25; ECF No. 25, apps. A-F.

According to the declaration, appendices A-F demonstrate the following: Appendix A shows 8,444 import records "identifying shipments from 'LG Chem' arriving in a State of Washington port from November 1, 2006 to January 9,

ORDER - 5

2023[,]" ECF No. 25 at 4 ¶ 20; Appendix B shows 487 import records "identifying shipments from 'LG Chem' consigned by a consignee with a State of Washington address and arriving in any U.S [sic] port from November 1, 2006 to January 9, 2023[,]" ECF No. 25 at 4 ¶ 21; Appendix C shows 792 import records "identifying shipments from 'LG Chem' to a Notifying Party with a State of Washington address and arriving in any U.S [sic] port from November 1, 2006 to January 9, 2023[,]" ECF No. 25 at 4-5 ¶ 22; Appendix D shows 127 import records "identifying shipments from 'LG Energy' arriving in a State of Washington port from November 1, 2006 to January 9, 2023[,]" ECF No. 25 at 5 ¶ 23; Appendix E shows 2 import records "identifying shipments from 'LG Energy' consigned by a consignee with a State of Washington address and arriving in any U.S [sic] port from November 1, 2006 to January 9, 2023[,]" ECF No. 25 at 5 ¶ 24; Appendix F shows 1 import record "identifying shipments from 'LG Energy' to a Notifying Party with a State of Washington address and arriving in any U.S [sic] port from November 1, 2006 to January 9, 2023[,]" ECF No. 25 at 5 ¶ 25.  The import records are submitted as non-scannable excel files.  ECF No. 26.

Plaintiff also submits the declaration of Samira Bokaie.  ECF No. 24-1. Bokaie's declaration includes twenty-three exhibits.  Exhibit one is a printout of LG Chem's website with some background information about the company.  ECF No. 24-1 at 7-11.  Exhibits two and three are court orders entered in a patent

ORDER - 6

infringement case, *Celgard, LLC v. LG Chem*, *Ltd.*, No. 3:14-cv-00043-MOC-DCK, 2015 WL 2412467 (W.D.N.C. May 21, 2015), which purports to be evidence that LG Chem "inundates" the United States market with lithium-ion batteries.  ECF No. 24-1 at 12-51.  In that case, the LG Defendants asserted daily sales of $0.76 million and yearly revenue of $278 million "attributable to the accused batteries sold or imported into the United States."  *Celgard*, 2015 WL 2412467 at *24.[2]

Plaintiff argues that exhibits four through twenty-two—which are largely third-party internet articles and screenshots from various webpages—show that (1) e-scooter companies operate in Washington, ECF No. 24-1 at 52-59; (2) e-scooter companies purchase their e-scooters from a company called Xiaomi Mi which manufactures the scooters using LG 18650 lithium-ion batteries, ECF No. 24-1 at

---

[2] Plaintiff argues that *Celgard* is relevant to the Court's jurisdictional question in this case because of the "statements made by LG Chem and LG Chem America regarding their symbiotic relationship and attendant distribution of lithium-ion batteries throughout the United States."  ECF No. 24 at 5 n.3.  However, Plaintiff does not establish how *Celgard* addresses LG Chem's contacts with Washington specifically.  Therefore, the Court does not find the facts from *Celgard* relevant to the jurisdictional question before the Court.

ORDER - 7

61-68; (3) Proterra electric buses operate in Washington and Proterra buses use LG batteries, ECF No. 24-1 at 69-99; (4) Washington residents can purchase Chevrolet Electric Vehicles ("EVs"), ECF No. 24-1 at 100-07; (5) General Motors ("GM") recalled Chevrolet Bolt EVs due to fire risk and LG Chem is GM's battery supplier, ECF No. 24-1 at 108-11; (6) Gelish nail systems contain LG lithium-ion batteries and are used in spas in Washington, ECF No. 24-1 at 112-16; (7) Washington residents can purchase LG's cordless vacuum, which is powered by an LG lithium-ion battery, from LG's website, ECF No. 24-1 at 117-20.

Lastly, Plaintiff's Exhibit 23 is a deposition transcript of Joon Young Shin, Customer Service Team Leader at LG Chem, taken in *Flores v. LG Chem, Ltd.*, No. 16-cv-297 (S.D. Tex. dismissed Oct. 11, 2018). ECF No. 24-1 at 123-42. Plaintiff offers the transcript in an attempt to show that (1) LG Chem knew its batteries were being sold into the e-cigarette market since 2015-2016, ECF No. 24-1 at 129:11-21;[3] LG Chem knew its batteries had exploded in the pockets of e-cigarette users, ECF No. 24-1 at 129:11-21; (3) LG Chem warned its agents not to sell its batteries for e-cigarette purposes, ECF No. 24-1 at 137:12-25, 138:1-23.

_____

[3] The Court cites to the page number in the upper right-hand corner of the document, placed there by the Court's filing system (CM/ECF).

ORDER - 8

1

**LEGAL STANDARD**

2       When a defendant moves for dismissal for lack of personal jurisdiction

3  pursuant to Fed. R. Civ. P. 12(b)(2), it is the plaintiff who "bears the burden of

4  demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin*

5  *Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When a defendant's motion to

6  dismiss relies only on written materials, as in this case, "the plaintiff need only

7  make a prima facie showing of jurisdictional facts." *Id.* (internal quotation and

8  citation omitted). The court must determine whether a plaintiff's "pleadings and

9  affidavits establish" the requisite showing. *Data Disc, Inc. v. Sys. Tech. Assocs.*,

10  557 F.2d 1280, 1286 (9th Cir. 1977). "The plaintiff cannot 'simply rest on the bare

11  allegations of its complaint,' but uncontroverted allegations in the complaint must

12  be taken as true." *Mavrix Photo, Inc. v. Brand Techs.*, *Inc.*, 647 F.3d 1218, 1223

13  (9th Cir. 2011) (quoting *Schwarzenegger,* 374 F.3d at 800). If any conflict exists

14  between the parties' evidence, the court must resolve it in the plaintiff's favor.

15  *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

16       A federal district court sitting in diversity may exercise personal jurisdiction

17  "to the extent the forum state's laws constitutionally provide." *Metro. Life Ins. Co.*

18  *v. Neaves*, 912 F.2d 1062, 1065 (9th Cir. 1990). Washington's long-arm statute

19  authorizes courts to exercise jurisdiction over nonresident defendants to the "full

20  extent" of the due process clause of the United States Constitution. *Easter v. Am.*

*W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004) (citing *Shute v. Carnival Cruise Lines, Inc.*, 783 P.2d 78, 79-80 (Wash. 1989)); *see also Corker v. Costco Wholesale Corp.*, 585 F. Supp. 3d 1284, 1290 (W.D. Wash. 2022).[4]   The Court need only determine if exercising personal jurisdiction in this case comports with the due process clause of the United States Constitution.   *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 502 (9th Cir. 2023).   Due process requires that the defendant have "certain minimum contacts" with a forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"   *Int'l*

_____

[4] LG Chem argues that "Washington's long-arm statute is not coextensive with due process," ECF No. 27 at 2, and that the Court's jurisdiction is limited to causes of action "arising from" enumerated acts within the statute.  ECF No. 16 at 9. However, the Washington Supreme Court and the Ninth Circuit have repeatedly held that the state's long-arm statute permits jurisdiction of non-resident defendants to the extent permitted by the due process clause of the United States. *See, e.g.*, *Noll v. Am. Biltrite Inc.*, 395 P.3d 1021, 1026 (Wash. 2017); *Easter*, 381 F.3d at 960; *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994). Further, the Court does not find it necessary to revisit the extent of Washington's long-arm statute in this case because, as explained below, the Court finds the exercise of personal jurisdiction to be inconsistent with federal due process.

ORDER - 10

*Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  The Supreme Court has recognized two kinds of personal jurisdiction: general and specific.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, nn.8 & 9 (1984)).

For specific personal jurisdiction to attach, the defendant must "purposefully avail[] itself of the privilege of conducting activities within the forum State," and the claims at issue must 'arise out of or relate to the defendant's contacts with the forum.'"  *Yamashita*, 62 F.4th at 503 (internal quotation mark omitted) (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021)).

**DISCUSSION**

LG Chem moves to dismiss for lack of personal jurisdiction.  LG Chem argues the Court does not have general jurisdiction or specific jurisdiction over it.  ECF No. 16 at 2.  In response, Plaintiff concedes that LG Chem is not subject to the general jurisdiction of the Court but argues that LG Chem maintains "sufficient suit-related contacts" with Washington to support a finding of specific jurisdiction.  ECF No. 24 at 1.  Additionally, Plaintiff requests that, if the Court needs additional evidence to determine whether LG Chem is subject to specific jurisdiction, the Court stay its decision on LG Chem's Motion to Dismiss and permit Plaintiff to conduct limited jurisdictional discovery.  ECF No. 24 at 2.

ORDER - 11

1

**A. The Admissibility of Plaintiff's Evidence**

2        As an initial matter, LG Chem challenges Plaintiff's evidence as "a

3  collection of inadmissible documents."  ECF No. 27 at 3.  The parties do not

4  address the issue in full, however, the Court must determine what evidence it may

5  consider at this stage of litigation.

6        Several district courts in this circuit have written that the requisite prima

7  facie showing of jurisdiction requires "admissible" evidence.  *See, e.g.*, *Axle*

8  *Holding Co., LLC v. ARB Corp. LTD*, No. 22-CV-1472, 2023 WL 2415265, at *2

9  (S.D. Cal. Mar. 8, 2023) ("plaintiff must submit admissible evidence to support its

10 prima facie case for personal jurisdiction") (quotations omitted); *Greco v.*

11 *Northwell Health, Inc*., No. 21-CV-00188, 2022 WL 533047, at *3 (E.D. Wash.

12 Feb. 22, 2022) ("[a] prima facie showing means that the plaintiff has produced

13 admissible evidence, which if believed, is sufficient to establish the existence of

14 personal jurisdiction."); *N. Sails Grp., LLC v. Boards & More GmbH*, No. 19-CV-

15 03112, 2019 WL 7833138, at *3 (E.D. Wash. Nov. 18, 2019) ("A prima facie

16 showing means that the plaintiff has produced admissible evidence, which if

17 believed, is sufficient to establish the existence of personal jurisdiction.").

18 However, the requisite "admissibility" is not explained, and the Ninth Circuit

19 precedent upon which these cases rely does not indicate such a requirement.

20

ORDER - 12

1    Each of these cases cites to *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir.

2    1995).  *Ballard* does not require that evidence of personal jurisdiction meet any

3    particular standard of admissibility.  *Ballard* explains that "[w]hen a district court

4    acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an

5    evidentiary hearing, the plaintiff need make only a prima facie showing of

6    jurisdictional facts to withstand the motion to dismiss. . . .  That is, the plaintiff

7    need only demonstrate facts that if true would support jurisdiction over the

8    defendant."  65 F.3d at 1498.  The district court "made no factual findings to

9    support its decision" and instead considered only the written materials submitted

10    by the parties.  65 F.3d at 1497-98.  The Ninth Circuit relied largely upon

11    undisputed facts in making its findings.  *See* 65 F.3d at 1498, 1500.

12    The Ninth Circuit has explained elsewhere that "[t]he court may consider

13    evidence presented in affidavits to assist it in its [personal jurisdiction]

14    determination[.]"  *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).  In *LNS*

15    *Enters. LLC v. Cont'l Motors, Inc.*, the Ninth Circuit explained that "we take as

16    true all uncontroverted allegations in the complaint and resolve all genuine

17    disputes in the plaintiff's favor" and that "[i]f both sides submit affidavits, then

18    conflicts between the parties over statements contained in affidavits must be

19    resolved in the plaintiff's favor."  22 F.4th 852, 858 (9th Cir. 2022) (quotations and

20    alterations omitted).

ORDER - 13

1    LG Chem has not offered authority supporting any particular standard of

2    admissibility for evidence presented at this stage, whether it be the standard

3    applied at trial or at summary judgment.  *See Sandoval v. County of San Diego*,

4    985 F.3d 657, 666 (9th Cir. 2021) ("If the contents of a document can be presented

5    in a form that would be admissible at trial—for example, through live testimony by

6    the author of the document—the mere fact that the document itself might be

7    excludable hearsay provides no basis for refusing to consider it on summary

8    judgment.").

9        The Court will review the evidence in the same manner that the Ninth

10    Circuit did in its *de novo* review in *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 502

11    (9th Cir. 2023), a recent and relevant case.  In *Yamashita*, where the appellant had

12    alleged that one of LG Chem's batteries exploded and injured him, the appellant

13    presented "informally gathered publicly available evidence" to demonstrate facts

14    supporting jurisdiction.  Opening Brief at 5, *Yamashita v. LG Chem, Ltd.*, No. 20-

15    17512 (9th Cir. Mar. 29, 2021), Dkt. 13 (docket cited hereinafter as "*Yamashita*

16    Dkt.").  The informally gathered evidence included LG Chem's marketing

17    materials, *Yamashita* Dkt. 14-4, at 733-800, third party press releases and news

18    stories, *Yamashita* Dkt. 14-8, at 1746-1791, and "U.S. Customs Records" that

19    appear in the same spreadsheet format as the ImportGenius data submitted here.

20    *Yamashita* Dkts. 14-5, 14-6, 14-7, at 802-1685.  The only evidence considered that

ORDER - 14

was submitted in opposition appears to have been the sworn statements of the

appellee's counsel.  *Yamashita*, 62 F.4th at 504, 509.  The Ninth Circuit made no

evidentiary findings, and largely appeared to accept the appellant's proffered

evidence.[5]

The Court will "consider evidence presented in affidavits[,]" *Unocal Corp.*,

248 F.3d at 922, and shall "resolve all genuine disputes in the plaintiff's favor[.]"

*LNS Enters. LLC*, 22 F.4th at 858.  At bottom, LG Chem does not dispute the

underlying facts presented in the exhibits, and instead argues that they are simply

irrelevant.  ECF No. 27 at 3.  As explained below, the Court agrees.

---

[5] The Ninth Circuit did appear to make one factual finding based upon disputed

evidence, rejecting the notion that "LGC introduced stand-alone 18650 batteries

into the stream of commerce through a third-party website[.]"  *Yamashita*, 62 F.4th

at 504.  The plaintiff's allegation was supported only by declaration of counsel,

"[u]pon information and belief[.]"  *Yamashita* Dkt. 14-4, 729 ¶ 36.  The defendants

submitted "sworn statements denying these allegations, and [plaintiff] offer[ed] no

evidence to the contrary."  *Yamashita*, 62 F.4th at 504.

ORDER - 15

**B.  The Court's Specific Personal Jurisdiction over LG Chem**

The Court first addresses LG Chem's contacts with Washington and then turns to the relatedness of Plaintiff's claims to those contacts.

*1.  LG Chem Purposefully Availed Itself of the Privilege of Conducting Activities in Washington*

Plaintiff attempts to demonstrate that LG Chem has purposefully availed itself of the Washington market by shipping 18650 batteries into the state and by selling to manufactures who include LG Chem batteries in products sold in Washington.  ECF No. 24 at 14-17.  While LG Chem contests that its contacts with Washington did not give rise to the claims at issue here, it is not genuinely disputed that LG Chem maintains some contacts with the state.

The Ninth Circuit has adopted the "stream-of-commerce-plus test" to determine whether a defendant has purposefully availed itself of the privilege of doing business in the forum state.  *Yamashita*, 62 F.4th at 503.  "[T]he placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state, even if the defendant is aware[] that the stream of commerce may or will sweep the product into the forum state."  *Id.* (quotations and alterations omitted).  The "contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'"  *Ford*, 141 S. Ct. at 1025 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)).  The contacts must show that the defendant "deliberately 'reached out beyond' its home—by, for example,

ORDER - 16

1  'exploiting a market' in the forum State or entering a contractual relationship

2  centered there." *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (internal

3  quotation marks and alterations omitted)).  Unilateral activity of another party or a

4  third person does not suffice.  *Helicopteros*, 466 U.S. at 417.

5       At least some of LG Chem's contacts with Washington constitute purposeful

6  availment.  The Court will address each in turn.

7                    i.    LG Chem Ships 18650 Batteries to Entities in Washington

8       It is undisputed that LG Chem has shipped 18650 lithium-ion batteries into

9  Washington.  LG Chem admits to "three transactions'" with Washington

10 companies "that involved 18650 lithium ion battery cells."  ECF No. 17 at 5 ¶ 19.

11 LG Chem clarifies that "the total number of 18650 cells shipped to entities in

12 Washington was less than 5,000[,]" that those cells were meant to be "encased with

13 protective circuitry in a battery pack[,]" and that none were destined for

14 consumers, distributors, retailers, or manufacturers of e-cigarettes.  ECF No. 17 at

15 5 ¶ 19.

16      Plaintiff's records of imports from LG Chem do not indicate that LG Chem

17 shipped 18650 batteries into Washington.  *See* ECF No. 25, apps. A-F.  The

18 records do indicate shipments of lithium-ion batteries, but the lack of specificity is

19 insufficient to determine that LG Chem purposefully availed itself of the consumer

20 market for 18650 batteries, as Plaintiff argues, in light of the sworn Lee

ORDER - 17

Declaration to the contrary.  ECF No. 24 at 16-17; ECF No 17 at 5 ¶ 19.  Plaintiff

has failed to demonstrate that LG Chem purposefully availed itself of the privilege

of conducting business in Washington related to 18650 batteries outside of the

limited manner described in the Lee Declaration.

> ii.    Third Parties Sell LG Chem Batteries to Consumers for Use as Standalone, Replaceable Batteries

Plaintiff argues that "given the quantity of these batteries sold and

distributed throughout Washington's vape shops and other stores, it is clear that

distribution – even through a third party – is part of LG Chem's business model."

ECF No. 24 at 15.  Plaintiff offers evidence that LG Chem knew vape shops were

selling its batteries to consumers for use in e-cigarette devices.  ECF No. 24-1 at

140.  LG Chem argues that, to the extent third parties have "advertised, distributed,

or sold LG 18650 ion cells to consumers in Washington for use as standalone,

replaceable batteries, such conduct was not authorized by LG Chem."  ECF No. 16

at 6.  Lee avers the same in a sworn affidavit.  ECF No. 17 at 3-5 ¶¶ 12-13, 16, 20-

21.

The sale of 18650 batteries at vape shops by third parties does not constitute

purposeful availment by LG Chem even if LG Chem knew its batteries were being

sold to consumers at e-cigarette and vaping retailers.  For the placement of a

product into the stream of commerce to count as purposeful availment, there needs

to be some indication that LG Chem made a deliberate effort to target the forum

ORDER - 18

state. *See Yamashita*, 62 F.4th at 503. LG Chem presents uncontroverted evidence that it never advertised, marketed, or promoted LG 18650 lithium-ion cells as standalone batteries to consumers in Washington, it never conducted any business with the alleged retailer or manufacturer in this case, nor did it authorize anyone else to distribute, advertise, or sell LG 18650 lithium-ion cells directly to consumers as standalone, replaceable batteries. ECF No. 17 at 3-4 ¶¶ 11-18.

                    iii.    **LG Chem Batteries are Sold in Large Volume Within Consumer Products in Washington**

It is undisputed that LG Chem is a global corporation that makes and sells batteries for use in consumer products worldwide, and those batteries are in use in Washington. ECF No. 24-1 at 9, 53-123. Plaintiff presents evidence that LG Chem's batteries are in e-scooters, ECF No. 24-1 at 53-68, buses, ECF No. 24-1 at 70-96, cars, ECF No. 24-1 at 109-11, LED lamps, ECF No. 24-1 at 113, and vacuum cleaners, ECF No. 24-1 at 118-22.

With the exception of one consumer product, Plaintiff neither alleges in his complaint nor proffers any evidence that LG Chem sells consumer products directly to Washington residents or that LG Chem targets Washington when it sells its batteries to third party product manufacturers. Those sales "without more," only demonstrate a bare stream of commerce and do not constitute purposeful availment. *See Yamashita*, 62 F.4th at 504.

ORDER - 19

Plaintiff points to one consumer product, an LG vacuum, that can be purchased directly from LG on LG's websites and via third party retailers.  ECF No. 24-1 at 118-22.  The Court does not find it necessary to determine whether this action counts as purposeful availment because, even if it did, as explained below, Plaintiff's claims do not arise out of nor relate to the sale of consumer products that contain LG lithium-ion batteries.

LG Chem's contacts with Washington show that it has purposefully availed itself of the privilege of doing business in the forum state by shipping batteries to ports in Washington.  The Court now turns to whether those contacts sufficiently relate to Plaintiff's injury such that the Court's exercise of personal jurisdiction is appropriate.

### 2.   *Plaintiff's Claim Does Not Arise Out of or Relate to LG Chem's Contacts with Washington*

LG Chem argues that Plaintiff's claims do not "arise out of or relate" to its contacts with the forum state because "LG Chem did not serve a consumer market for standalone, replaceable 18650 lithium ion batteries in Washington[.]"  ECF No. 16 at 13.  LG Chem argues that "any connections that exist between Washington and this lawsuit were formed entirely by Plaintiff and third parties—not by LG Chem."  ECF No. 16 at 12-13.

A plaintiff's claims must "arise out of" or "relate to" a defendant's contacts with a forum for specific jurisdiction to attach.  *Ford*, 141 S. Ct. at 1026.  For a

ORDER - 20

1   claim to "arise out of" a defendant's contacts, there must be "but for causation."

2   *Yamashita*, 62 F.4th at 504.  Plaintiff does not argue that his claims arise out of LG

3   Chem's contacts with Washington.  ECF No. 24 at 17-20.

4        A claim "relates to" a defendant's forum contacts where "similar injuries

5   will tend to be caused by those contacts" or "the defendant should have foreseen

6   the risk that its contacts might cause injuries like that of the plaintiff."  *Yamashita*,

7   62 F.4th at 506.  "[A] claim can relate to [a defendant's forum] contacts, even

8   absent causation, where, for example 'a company . . . serves a market for a product

9   in the forum State and the product malfunctions there.'"  *Id.* at 504-05 (quoting

10  *Ford*, 141 S. Ct. at 1026-27).  Plaintiff argues that his claims sufficiently relate to

11  LG Chem's contacts with Washington.  ECF No. 24 at 17-20.

12       As explained above, only LG Chem's shipments of lithium-ion batteries to

13  Washington count as a forum contact to which Plaintiff's injury could relate so as

14  to establish this Court's jurisdiction over LG Chem.  LG Chem argues that it never

15  advertised, marketed, or promoted LG 18650 lithium-ion cells as standalone

16  batteries to consumers in Washington, it never conducted any business with the

17  alleged retailer or manufacturer in this case, nor did it authorize anyone else to

18  distribute, advertise, or sell LG 18650 lithium-ion cells directly to consumers as

19  standalone, replaceable batteries.  ECF No. 16 at 4-5.

20

ORDER - 21

1    Plaintiff argues that "LG Chem's 'intention' with respect to its sale of

2    cylindrical lithium-ion batteries is irrelevant to the relatedness of its contacts with

3    Washington to Plaintiff's injury."  ECF No. 24 at 18.  And that "[t]he specific

4    purpose for which LG Chem sold its batteries . . . is immaterial."  ECF No. 24 at

5    18.  Plaintiff argues that due process "requires only that a company have sufficient

6    notice that it could be sued about a particular product in a particular state" but does

7    not place restrictions on "who might sue or on what claims."  ECF No. 24 at 19.

8    Lastly, Plaintiff argues that "[n]either the U.S. Supreme Court nor the Ninth

9    Circuit has ever held that jurisdiction is allowed only when the product at issue

10    causes injury in a specific 'consumer market.'"  ECF No. 24 at 20.

11    On March 6, 2023, after this motion was fully briefed, the Ninth Circuit

12    decided *Yamashita v. LG Chem, Ltd*., a case from the United States District Court

13    for the District of Hawaii with strikingly similar facts to those presented here.  62

14    F.4th 496, 502 (9th Cir. 2023).  In *Yamashita*, the Ninth Circuit found that, for the

15    purposes of personal jurisdiction, LG Chem's contacts with Hawaii were

16    "shipments to and through the port of Honolulu[,]" and "involvement in the sale of

17    residential solar batteries in Hawaii."  *Id.* at 504.  Particularly relevant here, the

18    Ninth Circuit explained that "even if [LG Chem sold] 18650 batteries to

19    manufacturers for incorporation in consumer products sold in Hawaii, these sales

20    would not be related to purchases of stand-alone batteries by Hawaii consumers."

ORDER - 22

1    *See Yamashita*, 62 F.4th at 508.  The Ninth Circuit, applying *Ford*, reasoned that

2    Ford Motor Company served the consumer market for the same vehicles that

3    allegedly injured the plaintiffs in the forum state, therefore its contacts were

4    sufficiently related to plaintiff's injury.  *Id*. at 507-08 (citing *Ford*, 141 S. Ct. at

5    1024-25).  Comparatively, it was "implausible" that LG Chem's involvement in

6    residential solar battery sales, or 18650 battery sales to manufacturers for

7    incorporation into consumer products, meant entering the consumer market for

8    stand-alone lithium-ion batteries within the forum state.  *Id*. at 507.

9           Here, Plaintiff has similarly not shown that his injuries relate to LG Chem's

10   shipments of lithium-ion batteries into Washington.  Applying the standard

11   articulated in *Yamashita*, the Court finds that Plaintiff's claims are not related to

12   LG Chem's contacts with Washington because LG Chem's shipments of lithium-

13   ion cells encased in battery packs with protective circuitry and used as industrial

14   component parts in other products do not cause similar injuries to those alleged by

15   Plaintiff.  *See Yamashita*, 62 F.4th at 505-06.  Further, LG Chem could not have

16   foreseen the risk that its 18650 lithium-ion batteries might cause injuries like

17   Plaintiff's because LG Chem does not intend for consumers to handle its battery

18   packs.

19          Plaintiff has not submitted evidence that demonstrates LG Chem serves the

20   consumer market for standalone, replaceable lithium-ion batteries.  To the

ORDER - 23

contrary, LG Chem has submitted uncontroverted evidence that LG Chem does not

do so, and sales of its 18650 batteries to consumers are unauthorized.  *See*

ECF No. 17.  Plaintiff has not pled facts sufficient to establish personal

jurisdiction.  The Court now turns to Plaintiff's request for jurisdictional discovery.

**C. Request for Jurisdictional Discovery**

The decision to grant or deny jurisdictional discovery is within the discretion

of the district court.  *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406,

430 n.24 (9th Cir. 1977).  Discovery "should be granted where pertinent facts

bearing on the question of jurisdiction are controverted . . . or where a more

satisfactory showing of the facts is necessary."  *Id.* (citation omitted).  Plaintiff

does not explain how discovery might yield jurisdictionally relevant facts.

Plaintiff states only that the court should grant jurisdictional discovery "should the

Court determine additional evidence is necessary to evaluate Plaintiff's claims and

LG Chem's motion[.]"  ECF No. 24 at 2.  Given the Court's analysis of specific

jurisdiction, additional evidence would not change the Court's determination over

the relatedness between Plaintiff's injury and LG Chem's contacts with the state.

The Court determines additional discovery is not necessary to resolve the

jurisdictional question.

ORDER - 24

1

## CONCLUSION

2    For the reasons stated herein, LG Chem's Motion to Dismiss for Lack of

3 Personal Jurisdiction is granted.  Plaintiff's claims against Smoke City and Does 1-

4 50 remain.

5    Accordingly, **IT IS HEREBY ORDERED**:

6    1.  LG Chem's Motion to Dismiss for Lack of Personal Jurisdiction, **ECF No.**

7 **16**, is **GRANTED**.

8    2.  Plaintiff's claims against LG Chem are **DISMISSED**.

9    3.  A scheduling conference to set a scheduling order will be set by separate

10 notice.

11    **IT IS SO ORDERED**.  The District Court Executive is directed to file this

12 Order and provide copies to counsel.

13    DATED April 18, 2023.

14                    _s/Mary K. Dimke_
                    MARY K. DIMKE
15            UNITED STATES DISTRICT JUDGE

16

17

18

19

20

ORDER - 25