FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 30, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFREY HUNTINGTON, | No. 4:22-CV-5014-MKD |
| Plaintiff, | ORDER DENYING DEFENDANT VAPOR BEAST LLC'S MOTION TO DISMISS |
| v. | |
| SMOKE CITY FOR LESS LLC d/b/a SMOKE CITY FOR LESS; VAPOR BEAST LLC; and DOES 2-50, | ECF No. 69 |
| Defendants. | |

Before the Court is Defendant Vapor Beast LLC's Motion to Dismiss.  ECF No. 69.  On April 26, 2024, the Court held a hearing on the motion.  ECF No. 79.  Kevin S. Dalia appeared on behalf of Plaintiff Jeffrey Huntington.  Tori Levine and Erin Fraser appeared on behalf of Defendant Vapor Beast LLC ("Vapor Beast").  John A. Raschko appeared on behalf of Defendant Smoke City for Less LLC d/b/a Smoke City for Less ("Smoke City").

The case concerns an injury caused by an e-cigarette battery explosion.  ECF No. 56 at 2.  On January 4, 2024, Plaintiff filed a Third Amended Complaint and

ORDER - 1

named Vapor Beast as a defendant.  ECF No. 56.  Pursuant to Fed. R. Civ. P. 12(b)(6), Vapor Beast moves to dismiss the claims against it, citing Washington's statute of limitations.  *See* ECF No. 69.

For the reasons stated herein, Vapor Beast's motion is **DENIED**.

## BACKGROUND

### A. Factual History

The facts underlying this litigation, as alleged in prior versions of Plaintiff's complaint, have been discussed in prior orders.  *See* ECF No. 23 at 2-3; ECF No. 29 at 2-8.  In short, Plaintiff alleges that, on or around November 7, 2019, an e-cigarette battery spontaneously exploded in his pocket, causing him injury.  ECF No. 56 at 2 ¶ 1.  He alleges that Vapor Beast, a Delaware limited liability company doing business in Washington, "distributed the lithium-ion battery to the retailer[,]" Smoke City.  *Id.* at 2-3 ¶¶ 2, 4, 6, 10.  He alleges that Vapor Beast "promoted, distributed, sold, or otherwise placed the Subject Battery into the stream of commerce."  *Id.* at 6 ¶ 25.

### B. Procedural History

On February 2, 2022, Plaintiff filed a Complaint, alleging various products liability and negligence causes of action against defendants Smoke City, LG Chem LTD ("LG Chem"), and "Does 1-50."  ECF No. 1.  On July 19, 2022, Plaintiff filed a First Amended Complaint, alleging the same causes of action against the

same defendants.  ECF No. 9.  Smoke City and LG Chem each filed motions to

dismiss.  ECF Nos. 10, 16.

On January 11, 2023, the Court denied Smoke City's motion to dismiss and

granted Plaintiff leave to amend the complaint.  ECF No. 23.  On April 18, 2023,

the Court granted LG Chem's motion to dismiss for lack of personal jurisdiction.

ECF No. 29.  On May 16, 2023, Plaintiff filed a Second Amended Complaint,

maintaining his causes of action against defendants Smoke City and "Does 1-50."

ECF No. 37.  On June 20, 2023, and with the consent of the parties, the Court

assigned the case to Magistrate Judge Alexander C. Ekstrom.  ECF No. 40.

On January 4, 2024, with leave of Court, Plaintiff filed his Third Amend

Complaint.  ECF Nos. 55, 56.  Plaintiff added Vapor Beast as a defendant, alleging

various products liability causes of action against it.  ECF No. 56.  On February 1,

2024, the case was reassigned back to the undersigned judge.  ECF No. 64.  On

February 14, 2024, Vapor Beast filed the instant motion to dismiss.  ECF No. 69.

### LEGAL STANDARD

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell

Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not

1    suffice." *Id.*  In considering a motion to dismiss for failure to state a claim, the

2    Court must accept as true the well-pleaded factual allegations and any reasonable

3    inference to be drawn from them, but legal conclusions are not entitled to the same

4    assumption of truth. *Id.*  A complaint must contain either direct or inferential

5    allegations respecting all the material elements necessary to sustain recovery under

6    some viable legal theory. *Twombly*, 550 U.S. at 562.  "Factual allegations must be

7    enough to raise a right to relief above the speculative level." *Id.* at 555.

8                                    **DISCUSSION**

9         Vapor Beast argues that Plaintiff's cause of action against it is time-barred.

10   ECF No. 69 at 7.  The Washington Product Liability Act's statute of limitations

11   provides that "no claim under this chapter may be brought more than three years

12   from the time the claimant discovered or in the exercise of due diligence should

13   have discovered the harm and its cause."  RCW 7.72.060(3).  This provision is

14   "[s]ubject to the applicable provision of chapter 4.16 RCW pertaining to the tolling

15   and extension of any statute of limitation[.]" *Id.*

16        Plaintiff does not contest that he discovered his harm and its cause on

17   November 7, 2019, therefore, the statute of limitations expired November 7, 2022.

18   ECF No. 56 at 2 ¶ 1; ECF No. 73 at 4-5.  Further, the parties do not dispute that

19   Smoke City was properly and timely served, and Plaintiff initially named a number

20   of "Doe" defendants.  *See* ECF No. 69; ECF No. 73 at 4.

ORDER - 4

The parties dispute whether Plaintiff tolled the statute of limitations as to his claim against Vapor Beast by filing his Complaint on February 2, 2022, naming unknown "Doe" defendants.  ECF No. 1; ECF No. 69 at 7; ECF No. 73 at 3.

**A. Statute of Limitations is an Affirmative Defense**

To begin, Vapor Beast seeks to impose a burden on Plaintiff to demonstrate that the tolling statute applies.[1]  Vapor Beast argues that Plaintiff "has not made the requisite showing to toll the statute of limitations" and "has not established that he made a diligent effort to identify Vapor Beast."  ECF No. 69 at 7.

"The statute of limitations is an affirmative defense on which the defendant bears the burden of proof."  *Kim v. Lee*, 300 P.3d 431, 433 (Wash. Ct. App. 2013) (citing *Haslund v. City of Seattle*, 547 P.2d 1221, 1230 (Wash. 1976)).  "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent

---

[1] At the April 26, 2024 hearing, counsel for Vapor Beast noted that leave to amend to add Vapor Beast should not have been granted.  An amendment is futile if it adds a claim that could not withstand a motion to dismiss.  *Jones v. Cmty. Redevelopment Agency of L.A.*, 733 F.2d 646, 650-51 (9th Cir. 1984).  As held below, Plaintiff's claim survives Vapor Beast's motion to dismiss and is therefore not futile for the purpose of Fed. R. Civ. P. 15.

ORDER - 5

on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Hunyh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). Federal and state courts alike consider statutes of limitations arguments made in a failure-to-state-a-claim motion cautiously. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995); *Smith v. Chevron U.S.A., Inc.*, No. 83556-4-I, 2023 WL 1103197, at *4 (Wash. Ct. App. Jan. 30, 2023) ("Thus, for a CR 12(b)(6) motion based on a statute of limitations affirmative defense involving the discovery rule, the moving party has the burden to demonstrate that no set of facts exists where the discovery rule would toll the statute of limitations.").[2] "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution on a Rule 12(b)(6) motion.'" *Supermail Cargo*, 68 F.3d at 1206 (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)).

While a defendant bears the burden of a statute of limitations defense, "[a] plaintiff, however, carries the burden of proof if he or she alleges that the statute was tolled and does not bar the claim." *Rivas v. Overlake Hosp. Med. Ctr.*, 189 P.3d 753, 755 (Wash. 2008). Whether a statute of limitations was tolled is

---

[2] *Smith* considered the discovery rule, which is separate but analogous to the tolling issue presented here. 2023 WL 1103197, at *3-4.

ORDER - 6

1  ultimately a factual determination.  *Id.* ("While ideally, the statute of limitations is

2  a defense that will be decided pretrial, when the facts are disputed the fact finder

3  must resolve them.").  A motion to dismiss for expiration of the statute of

4  limitations may be granted over a plaintiff's tolling argument only where "it

5  appears beyond doubt that the plaintiff can prove no set of facts that would

6  establish the timeliness of the claim." *Supermail Cargo*, 68 F.3d at 1206; *Smith*,

7  2023 WL 1103197, at *4.

8      Vapor Beast argues the Court should not allow discovery, and should

9  dismiss Plaintiff's Complaint without a factual record.  Vapor Beast offers *Powers*

10  *v. W.B. Mobile Servs., Inc.*, in support.  339 P.3d 173, 176-77 (Wash. 2014).

11  Although discussed in terms of "dismissal," the *Powers* court adhered to a standard

12  of review for "an order of summary judgment[.]" *Id.* at 175-76.[3]  That standard

13  requires the court to consider "facts and inferences in a light most favorable to the

14  nonmoving parties[.]" *Id.*  The Washington Supreme Court considered facts

15  outside of the pleadings, including that the plaintiff sought discovery, which

16  indicated diligence. *Id.* at 177.  The court discussed efforts to discern the

17

---

18  [3] The Washington Court of Appeals decision that *Powers* reviewed also applied the

19  summary judgment standard.  *See Powers v. W.B. Mobile Servs., Inc.*, 311 P.3d 58,

20  60 (Wash. Ct. App. 2013).

ORDER - 7

defendant's identity, which were "were stymied by inaccurate information from [plaintiff's] employer." *Id.* The *Powers* court made findings with deference to the non-movant in an exercise of the summary judgment standard. *Id.* A similar standard applied in *Sidis v. Brodie/Dohrmann, Inc.*, although "[t]he facts [we]re not at issue." 815 P.2d 781, 781 (1991).

It is true that a complaint may be dismissed for failing to allege a reason why the statute of limitations was tolled, particularly where the complaint is filed after the statute expired. *See, e.g.*, *Avery v. Arreola*, No. 22-cv-08940, 2023 WL 7026938, at *2-3 (N.D. Cal. Oct. 24, 2023) (plaintiff argued statute was tolled for mental capacity but failed to allege sufficient facts to that end in the complaint). Here, however, the Complaint was timely filed; the issue presented is whether listing an unnamed defendant should toll the statute of limitations until that defendant is named.

The relevant doctrine, discussed below, makes clear that such questions are not amenable to disposition upon a Fed. R. Civ. P. 12(b)(6) motion.

**B. Tolling of Claims Against Unnamed Defendants**

"Under RCW 4.16.170, service of process on one defendant tolls the statute of limitations as to unserved defendants." *Powers*, 339 P.3d at 176 (citing *Sidis*,

815 P.2d 782-83).[4]  If an unnamed defendant is identified with "reasonable

particularity," that defendant may be considered "named" for purposes of RCW

4.17.170.  *Id.*  A plaintiff establishes "reasonable particularity" by showing:

> (1)
>> (a) from the commencement of the statute of limitations, the plaintiff made a diligent effort to identify the actual defendant given the information reasonably available to the plaintiff and
>>
>> (b) the plaintiff provided information about the unnamed defendant in the complaint to the greatest extent possible, including describing the unnamed defendant's acts and appearance and
>
> (2) the defendant had or should have received such notice of the action that it will not be prejudiced in maintaining a defense on the merits at the time when the placeholder for the defendant, such as "John Doe" or "ABC

_____

[4] RCW 4.16.170, in full, explains that for the purpose of tolling a statute of limitations, an action:

> shall be deemed commenced when the complaint is filed or summons is served whichever occurs first.  If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint.  If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service.  If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

ORDER - 9

1

Corporation," is replaced with the defendant's actual
name.

2

*Id.*

3

4

The Court is to accept the allegations in the Third Amended Complaint as

5

true and dismissal is appropriate only if Vapor Beast demonstrates that there is "no

6

set of facts" that would establish the timeliness of the claim. *See Supermail Cargo*,

7

68 F.3d at 1206-07; *Smith*, 2023 WL 1103197, at *2.

8

       1. *Diligent Effort to Identify the Actual Defendant Given the Information
          Reasonably Available to the Plaintiff*

9

Vapor Beast suggests that the length of time that this case has been pending

10

"should have allowed ample opportunity" for Plaintiff to discover its identity. ECF

11

No. 69 at 8. Vapor Beast argues that "[i]t is simply unreasonable in modern

12

litigation that plaintiff had not requested invoices or sales records from Smoke City

13

in an attempt to discover the identity of Vapor Beast before the 'informal discovery

14

exchange' with Smoke City on December 11, 2023." *Id.* at 9. Vapor Beast cites to

15

the length of time since the injury and the duration of ongoing proceedings as

16

evidence that Plaintiff has not been diligent. *Id.* at 8-9.

17

However, Vapor Beast concedes that "[i]t is wholly unknown and

18

unknowable . . . what the [P]laintiff has done during the past 14 months to learn the

19

identity of Vapor Beast[.]" *Id.* at 10. The Court, too, lacks sufficient evidence to

20

determine whether Plaintiff acted diligently, an element of the analysis Vapor

ORDER - 10

Beast asks the Court to undertake. *See Powers*, 339 P.3d at 176. Vapor Beast asks the Court to settle a matter of "reasonableness" without knowledge of the facts underlying Plaintiff's conduct.

On the record now before the Court, there exist conceivable sets of facts that may indicate Plaintiff's diligence. For example, at the hearing, Smoke City indicated it had difficulty identifying the supplier of the battery at issue. This case underwent lengthy motions practice before Vapor Beast entered the case, which may have inhibited discovery. The availability and accessibility of records available to Plaintiff is as-of-yet unknown.

Given there is a conceivable set of facts that would support Plaintiff's diligence, the motion to dismiss is denied.

### 2. *Information Provided was To the Greatest Extent Possible*

Plaintiff's initial complaint included that:

> At all times relevant, Defendants Does 1 through 50, are individuals or entities, including any successor and/or predecessor companies thereto, that designed, manufactured, produced, assembled, supplied, wrapped, sold, repaired, and/or distributed the subject batteries and/or similar lithium-ion 18650 batteries manufactured by Defendant LG Korea. Plaintiff does not know and cannot ascertain the true names of Defendant Does 1 through 50 despite due diligence on his part. Upon information and belief, Defendant Smoke City is the seller of the Subject Battery. Defendant Smoke City is the entity which can provide information as to the distributors, importers, manufacturers, designers, or corporations to which and/or from which it purchased and/or sold the

ORDER - 11

> Subject Battery. Plaintiff will obtain this information from Defendant Smoke City, through the discovery process, and seek leave to amend the pleading and provide the true names of Defendants Does 1 through 50.

ECF No. 1 at 4 ¶ 9.  Similar language was included in Plaintiff's First and Second Amended Complaints.  ECF No. 9 at 5-6 ¶ 15; ECF No. 37 at 6-7 ¶ 19.

Again, the Court has no evidence by which to adjudicate the reasonableness of this identification in light of the information available to Plaintiff.  *See Powers*, 339 P.3d at 177.  The e-cigarette battery market appears to be a complicated one, with international and domestic participants.  *See generally* ECF No. 56. Plaintiff's failure to identify Vapor Beast with any greater detail at the time cannot be called a lack of diligence without further evidence.

### 3. Defendant Had or Should have Received Notice of the Action

Vapor Beast argues that "it is . . . undisputed that Vapor Beast was not on notice of this lawsuit or of the facts here until it was served with the Third Amended Complaint in early 2024."  ECF No. 74 at 4.  These representations are undoubtedly made to the best of counsel's knowledge, but, pursuant to the local rules, "[f]actual assertions contained in memoranda must be supported by evidence, such as a declaration, affidavit, or discovery response."  LCivR 7(h).  If Vapor Beast asks the Court to find that it had no notice of this lawsuit, it must submit evidence in support of that factual assertion.

Vapor Beast cites *Engelstein v. United States Dep't of Agric.*, another

ORDER - 12

summary judgment case, in support.  No. 20-916, 2022 WL 92981, at *2 (W.D. Wash. Jan. 10, 2022).  That court had evidence before it.  *Id.*  Here, the Court has only the Third Amended Complaint, accepted as true.  Even if *Engelstein* is controlling, it stands only for the modest proposition that a defendant is not under a duty to make continual inquiries to learn whether there is a claim against it.  *Id.*

In short, the Court cannot determine whether Vapor Beast had or should have had notice of this action.

### 4. *Lack of Prejudice to Defend on the Merits at the Time When Placeholder is Replaced with Actual Name*

Vapor Beast makes no concrete assertions of prejudice, suggesting only generally that it should not be made to defend a case arising from an injury that is four-and-a-half-years-old.  ECF Nos. 69, 74.  This case is still in its early procedural stages.  Despite its age, the Court surmises no prejudice from the pleadings and briefing presented.

## CONCLUSION

The Court lacks evidence to determine whether the Plaintiff's Complaint, with its unnamed "Doe" defendants, tolled the statute of limitations as to a claim against Vapor Beast.  For the reasons stated herein, Vapor Beast's motion to dismiss is denied.

Accordingly, **IT IS HEREBY ORDERED:**

1.     Defendant Vapor Beast LLC's Motion to Dismiss, **ECF No. 69**, is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this order and provide copies to counsel.

DATED April 30, 2024.


<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 14