1   John A. Raschko
    Email: jraschko@mmclegal.net
2   1020 N. Center Parkway, Suite B
    Kennewick, WA 99336
3   Telephone: (509) 374-4200
    Fax: (509) 374-4229
4
    **Attorneys for Smoke City for Less LLC**
5

6

7                    UNITED STATE DISTRICT COURT
8                  EASTERN DISTRICT OF WASHINGTON

9

10  JEFFREY HUNTINGTON,

11                  Plaintiff,                  NO.  4:22-CV-05014-MKD

12
    vs.
13                                              DEFENDANT SMOKE CITY
                                                FOR LESS LLC'S MOTION
14  SMOKE CITY FOR LESS LLC d/b/a               FOR SUMMARY
    SMOKE CITY FOR LESS; VAPOR                  JUDGMENT
15  BEAST LLC; AND DOES 2-50
16                                              Hearing Date: December 2,
                    Defendants.                 2024
17
                                                Without Oral Argument
18

19

20                        **I.    RELIEF REQUESTED**

21
22          COMES NOW, Defendant SMOKE CITY FOR LESS LLC,

23  (hereinafter "Smoke City") by and through its attorneys Miller, Mertens &

24  Comfort, PLLC and John A. Raschko, and hereby moves the Court for

25  Summary Judgment, pursuant to FRCP 56. In so moving, Defendant Smoke
26

DEFENDANT SMOKE CITY FOR LESS LLC'S MOTION FOR
SUMMARY JUDGMENT - 1

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

City hereby also joins in Defendant TPB Beast LLC d/b/a Vapor Beast's Motion for Summary Judgment (ECF No. 86) previously filed with this Court on September 25, 2024, as well as Defendant's Statement of Material Facts not in Dispute in Support of Motion for Summary Judgment (ECF No. 87), and hereby incorporates said documents herein.

## II.    INTRODUCTION

Defendant Smoke City's Motion for Summary Judgment is a joinder in Defendant Vapor Beast's Motion for Summary Judgment, but only as to Defendant Vapor Beats's arguments related to Spoliation. ECF No. 86 at p. 15, ln. 20.

Additionally, Defendant Smoke City moves for Summary Judgment on the basis that Plaintiff has failed to meet his burden of proof against Defendant Smoke City under the Washington Product Liability Act.

## III.    FACTS

Defendant Smoke City relies on and incorporates herein Defendant Vapor Beast's Statement of Material Facts (ECF No. 87) in support of this Motion, including specifically Exhibits 1 and 5 thereto.

## IV.    ARGUMENT AND AUTHORITY

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

Defendant Smoke City relies on and incorporates herein Defendant Vapor Beast's Motion for Summary Judgment Section IV (titled "Summary Judgment Standard") as fully set forth herein. ECF No. 86, at p. 3, ln. 13.

### A. Spoliation of Evidence by Plaintiff Requires Dismissal.

Defendant Smoke City relies on and incorporates herein Defendant Vapor Beast's Motion for Summary Judgment Section IV.A.2 (titled "Spoliation") as fully set forth herein, ECF No. 86, at p. 6, ln. 25., and seeks summary judgment dismissal of the Plaintiff's action as a result.

As shown in Defendant Vapor Beast's Motion for Summary Judgment, the Defendants are highly prejudiced by not having access to the vaping mod and spare batteries that Plaintiff possessed and was making regular use of at the time of the incident that forms the basis of the Complaint. As mentioned, Plaintiff had hired counsel roughly around one month after the incident. ECF No. 86, at p. 16, ln. 3. Additionally, Plaintiff stated that he had retained possession of the mod and at least seven (7) other relevant batteries at the time of hiring counsel. ECF No. 86, at p. 16, ln. 5.

Despite that, and despite having highly capable counsel, well versed in the vaping industry and claims related thereto, at some point after retaining counsel Plaintiff disposed of or misplaced the relevant evidence as it is claimed that these items no longer exist. ECF No. 86, at p. 16, ln. 8. At the

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

time that the mod and spare batteries were misplaced or disposed of, Plaintiff understood that litigation was reasonably foreseeable and should have understood that the mod and spare batteries were relevant to the action. Undoubtedly, his counsel were very well aware of the importance of that evidence to this matter.

As stated in Defendant Vapor Beast's Motion for Summary Judgment, this evidence is highly relevant and material to the case at hand. If available, Defendants would be able to have their expert conduct a forensic examination of these items, and based on the items the Defense expert was able to view, it was likely these missing items would have revealed a pattern of damage, which could be evidence of the Plaintiff misusing the vaping device. Additionally, by examining the missing mod with the missing batteries, Defendants' expert's examination was likely to have revealed that the mod was defective in such a way which was harming the batteries. However, since such evidence was destroyed, Defendant is unable to do so. This presumption is bolstered by the fact that Defendants' expert made note of unusual wear patterns on the battery he did view, which he opined as to the likelihood that this was caused by the mod but was unable to view either. This is of even greater importance in this case because the Plaintiff has testified that the mod

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

he was using at the time was not sold to the Plaintiff by any of the Defendants. *See* Statement of Material Facts, 1.

Therefore, without the mod and other batteries, the Defendants are unable to fully develop a defense. At the time the evidence was disposed of, Plaintiff had already hired counsel, and the Plaintiff, by himself, or with the assistance of counsel, should have realized that the mod and other batteries must be relevant and preserved. This is a significant failure by the Plaintiff and one that warrants a significant outcome. If the mod was the cause of the subject incident, none of the Defendants have any liability in this case. Therefore, the Court should grant the Defendants' summary judgment motion due to Plaintiff's inability to preserve material evidence.

**B. Plaintiff has Failed to Meet His Burden Under the Washington Products Liability Act.**

In Plaintiff's Third Amended Complaint (ECF No. 56), he brings three distinct causes of action against Defendant Smoke City, all of which arise out of the Washington Products Liability Act, RCW 7.72 et seq (WLPA). Those are claims of defective design and manufacture, failure to warn, and negligence. In the first two claims, the Plaintiff alleges that Defendant Smoke City should be held to the heightened standard of a manufacturer; while the third claim alleges that Defendant Smoke City was negligent under a products seller theory. *See* ECF No. 56, p. 11-17. As outlined in detail by Defendant

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

Vapor Beast in their Motion, see ECF No. 86, p. 17-20, which Defendant Smoke City incorporates herein by reference and joins, Plaintiff has failed to meet its burden of proof on all three WLPA claims and therefore summary judgment is again warranted.

**1. Plaintiff lacks the Requisite Expert Testimony to substantiate his claims.**

As detailed by Vapor Beast in their Motion, each of the Plaintiff's claims requires proof in the form of expert opinion to be successful. *See Wagner v. Flightcraft, Inc.,* 31 Wn. App. 558, 643 P.2d 906 (1982) *review denied*, 97 Wn.2d 1037 (1982) (reliable and specific expert testimony is required to establish the alleged dangerous condition in a products liability case). While Plaintiff's expert report does specifically mention and take issue with Smoke City, the opinions are extremely narrow. *See* ECF No. 87-1, Ex. 9, p. 876-877. Plaintiff's expert is critical of Smoke City for simply selling the batteries at all, as well as for allegedly selling "rewrapped" batteries. *Id*. Plaintiff's expert is not critical of any other action or inaction of Defendant Smoke City. *Id*.

This distinction is critical because the expert opinions do not support any of the claims in the Complaint. First, the Plaintiff's expert opinions do not claim, nor do they have nothing to do with the claim, that Smoke City is responsible for defective design and manufacture under the WPLA. In fact,

the word "defect", or any derivative thereof, does not appear anywhere in the report. *See* ECF No. 87-1, Ex. 9. The report also does not mention a failure to warn by Defendant Smoke City. Instead, the report itself invalidates the entire claim of failure to warn, by essentially saying that no warning would be adequate. *Id*. at p. 877.

The case law is clear that Plaintiff needs expert testimony to support his claims. However, a review of the Plaintiff's expert opinions provide no support for the actual claims made against Defendant Smoke City under the WPLA and those claims must be dismissed.

**2. Plaintiff has Failed to Show that Defendant Smoke City Should Be Held to the Standard of a Manufacturer.**

Under the WLPA, the duties and liabilities of a "Product Seller" are different than that of a "Manufacturer." In limiting the potential liability for products sellers, the legislature wanted to avoid punishing product sellers simply because they participated in the distribution of goods to the public. *Am. Fam. Mut. Ins. Co., SI v. Wood Stoves Etc., Inc.*, 24 Wash. App.2d 26, 29, 518 P.3d 666 (2022). RCW 7.72.010(1) defines a "Product Seller" as:

> … any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use or consumption. The term includes a manufacturer, wholesaler, distributor, or retailer of the relevant product. The term also includes a party who is in the business of leasing or bailing such products.

DEFENDANT SMOKE CITY FOR LESS LLC'S MOTION FOR
SUMMARY JUDGMENT - 7

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

While RCW 7.72.040(1) further defines a "Manufacturer" as:

> …a product seller who designs, produces, makes, fabricates, constructs, or remanufactures the relevant product or component part of a product before its sale to a user or consumer. The term also includes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer.
>
> A product seller acting primarily as a wholesaler, distributor, or retailer of a product may be a "manufacturer" but only to the extent that it designs, produces, makes, fabricates, constructs, or remanufactures the product for its sale. A product seller who performs minor assembly of a product in accordance with the instructions of the manufacturer shall not be deemed a manufacturer. A product seller that did not participate in the design of a product and that constructed the product in accordance with the design specifications of the claimant or another product seller shall not be deemed a manufacturer for the purposes of RCW 7.72.030(1)(a).

In this case, Defendant Smoke City is clearly acting as a product seller as they are solely engaged in selling products. A product seller is liable only in certain circumstances which include when the harm was proximately caused by (1) the product seller's negligence; (2) the breach of an express warranty made by the product seller; or (3) an intentional misrepresentation or concealment of facts about the product. RCW 7.72.040(1). However, in unique circumstances it is possible for a product seller to be subject to the heightened liability of a manufacturer. RCW 7.72.040(2). The relevant exceptions to this matter are where there is no solvent manufacturer subject to service of process and where is it "highly probable" that any judgment against

1  any manufacturer would be unenforceable. RCW 7.72.040(2)(a), (b). The

2  Plaintiff alleges that these exceptions apply to the situation at hand and

3  Defendant Smoke City should face heightened liability.

4
5      For Defendant Smoke City to be subject to the heightened scrutiny

6  Plaintiff must prove that one of the exceptions apply to this matter. *See Wood*

7  *Stoves*, 24 Wash. App. 2d at 30 (holding that "the requirements of RCW

8  7.72.040(2) are statutory elements that the claimant must prove…").

9
10     Here, Plaintiff has failed to allege any facts demonstrating that either

11  exception applies. Rather in its Third Amended Complaint, the Plaintiff

12  provides conclusory statements that Defendants are liable under RCW

13  7.72.040(2) and that they believe that they would be unable to enforce any

14  judgment against any manufacturer. *See* <u>3rd Amended Complaint</u> ¶¶ 59-61,

15  77.

16
17     In *Wood Stoves*, the Court determined that merely alleging conclusory

18  statements is insufficient to hold a product seller defendant to the standard of

19  a manufacturer. *Wood Stoves*, 24 Wash. App. 2d at 31. Here, the Plaintiff has

20  not provided anything other than a conclusory statement as to why a judgment

21  is highly probable to be unenforceable against a manufacturer or as to why

22  there are no manufacturers subject to service of process. Therefore, Plaintiff

23  has failed to meet his burden establishing that Defendant Smoke City should

be subject to the heightened liability of a manufacturer. Simply alleging conclusory statements is insufficient.

### 3. Plaintiff has Failed to Evidence that Defendant Smoke City was Negligent as a Products Seller.

To the extent that Plaintiff's claim that Defendant Smoke City is liable under the WPLA using a negligent products seller theory survives the foregoing arguments, the claim fails for other reasons. The elements of negligence under the WPLA differ from that of ordinary negligence. Washington law requires a plaintiff alleging negligence against a product seller to prove the following elements: (a) an offer of sale of the product by a retailer, (b) a duty of care in the retailer, (c) a failure by act or omission to perform the duty, (d) an injury occurring from use of the product and (e) a proximate cause of the injury was a failure to perform the duty. *Martin v. Schoonover*, 13 Wash. App. 48, 54, 533 P.2d 438 (1975).

Plaintiff has failed to satisfy its burden of proof in establishing a negligence claim under the WLPA and therefore summary judgment is appropriate. The general rule in Washington is that a seller of an item which was manufactured by a third party is not generally liable for harm caused by the dangerous character of the item *if* the seller did not know or had no reason to know that the item was, or was likely to be, dangerous. *Zamora v. Mobil Corp.*, 104 Wash. 2d 199, 202–04, 704 P.2d 584, 587 (1985) (Seller of

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

propane had no duty to test or inspect the product despite its inherently dangerous nature, where Seller had no notice that the product was dangerous due to a defect and seller took no active part in its manufacture, did not adopt the product as its own, and was dealing with reputable manufacturers); *Martin*, 13 Wash. App. at 55, 533 P.2d 438 (1975) ("a seller does not have a duty to inspect or test a product for possible defects unless he has reason to know the product is likely to be dangerously defective.")

To give rise to this duty, Smoke City needed to adopt the battery as its own product, know of a product defect, purchase it from a less than reputable manufacturer, or sell the battery outside the original packaging. While there is evidence that Smoke City would open the battery box and place the batteries in a display case for sale, there is no evidence that doing so has any material effect on the battery. Further, there is no evidence that Smoke City adopted the batteries as its own product, knew of any defect, or that they purchased it from a less than reputable manufacturer. There was also no evidence produced that shows that Smoke City should have any reason to know that the batteries could be dangerously defective. At no point did any customer put Smoke City on notice that the batteries were defective. Since Smoke City did not have notice that the batteries could potentially be defective, there cannot be a duty to inspect. Without such duty, there can be no breach or proximate cause of

DEFENDANT SMOKE CITY FOR LESS LLC'S MOTION FOR
SUMMARY JUDGMENT - 11

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

injury. Therefore, Plaintiff has failed to meet his burden of proof showing that Smoke City was negligent under the WPLA.

## V.   CONCLUSION

Defendant Smoke City requests that this Court grants Defendant Vapor Beast and Defendant Smoke City's Motions for Summary Judgment because Plaintiff has failed to preserve material evidence thereby depriving the defendants of their right to fully develop a likely material defense. Defendant also is entitled to Summary Judgment because Plaintiff has failed to meet his burden of proof under the Washington Product Liability Act. As demonstrated herein, there are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law.

DATED this 11th day of October, 2024.

MILLER MERTENS & COMFORT, PLLC

By:   /s/ John A. Raschko
JOHN A. RASCHKO, WSBA #45481
Attorney for Defendant
Smoke City for Less LLC
1020 North Center Parkway, Suite B
Kennewick, WA 99336
Telephone: (509) 374-4200
Fax: (509) 374-4229
Email: jraschko@mmclegal.net

**Miller, Mertens & Comfort PLLC**
1020 North Center Parkway, Suite B
Kennewick, Washington 99336
(509) 374-4200

CERTIFICATE OF SERVICE

1

2      I hereby certify that on October 11, 2024, I electronically filed the

3

4    foregoing with the Clerk of the Court using the CM/ECF System which in

5    turn automatically generated a Notice of Electronic Filing (NEF) to all parties

6    in the case who are registered users of the CM/ECF system of such filing to

7

8    the following:

9         Corrie Yackulic: corrie@cjylaw.com, Counsel for Plaintiff.

10        Kevin S. Dalia: kdalie@levinsimes.com, Counsel for Plaintiff.

11        Tori Levine: tlevine@SpencerFane.com, Counsel for Vapor Beast.

12        Signed in Kennewick, Washington on October 11, 2024.

13                                      /s/ John A. Raschko
                                        JOHN A. RASCHKO, WSBA #45481
14                                      Attorney for Defendant
                                        Smoke City for Less LLC
15                                      1020 North Center Parkway, Suite B
                                        Kennewick, WA 99336
16                                      Telephone: (509) 374-4200
                                        Fax: (509) 374-4229
17                                      Email: jraschko@mmclegal.net

18

19

20

21

22

23

24

25

26

DEFENDANT SMOKE CITY FOR LESS LLC'S MOTION FOR          **Miller, Mertens & Comfort PLLC**
SUMMARY JUDGMENT - 13                                   1020 North Center Parkway, Suite B
                                                        Kennewick, Washington 99336
                                                        (509) 374-4200