Corrie Yackulic, WSBA No. 16063
**Corrie Yackulic Law**
110 Prefontaine Place South, Suite 304
Seattle, WA 98104
P: (206) 787-1915 | F: (206) 299-9725
corrie@cjylaw.com

Laurel L. Simes
*Admitted Pro Hac Vice*
Kevin S. Dalia
*Admitted Pro Hac Vice*
**Levin Simes LLP**
1700 Montgomery Street, Suite 250
San Francisco, CA 94111
P: (415) 426-3000 | F: (415)-426-3001
llsimes@levinsimes.com
kdalia@levinsimes.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFREY HUNTINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>SMOKE CITY FOR LESS LLC d/b/a SMOKE CITY FOR LESS; VAPOR BEAST LLC; AND DOES 2-50<br><br>Defendants. | **Case No.: 4:22-cv-05014-MKD**<br><br>**Assigned to Hon. Mary K. Dimke**<br><br>**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**NOTE ON MOTION CALENDAR: DECEMBER 2, 2024 WITHOUT ORAL ARGUMENT** |

Without Oral Argument Plaintiff Jeffrey Huntington, by and through his counsel of record, hereby moves this Court for an order granting summary adjudication pursuant to Federal Rules of Civil Procedure, Rules 56(a),(g), on the

grounds that there is no triable issue as to fact regarding Plaintiff's claim of a design defect. This Motion is based on three issues: (1) the manufacturer of the underlying product that injured Plaintiff is LG Chem LTD, (2) Smoke City for Less LLC and Vapor Beast LLC ("Defendants") are manufacturers for purposes of strict products liability pursuant to Washington Law (RCW 7.72.030 and 7.72.040), and (3) the 18650 lithium-ion cell that injured Plaintiff was not designed to be used outside of a battery pack as a removable power source.

**I.   Facts**

On May 10, 2016, the FDA officially started regulating e-cigarette devices and batteries.[1] Plaintiff's Separate Statement in Support of Motion for Partial Summary Judgment ("SS") 1. On March 9, 2017, Underwriters Laboratories (UL) published the first recognized safety standard for e-cigarette design: UL 8139.[2] SS 2. UL is accredited by the American National Standards Institute and the Standards Council of Canada as a Standards Development Organization. SS 13. UL 8139 requires e-cigarette devices to possess a built-in battery design. SS 2-4. UL 8139 also requires cells to have protective circuitry to prevent overcharge and discharge resulting from "anticipated normal and abnormal use and conditions including

---

[1] A battery is a group of cells put together to create a single power source. A cell is a single power-producing device that is often placed into a pack of other cells to create a battery. For example, multiple 18650 lithium-ion cells may be placed into a pack to form the battery that charges a cordless power tool. The term "battery" is often used interchangeably to mean "battery" or "cell."
[2] The safety standards created by Underwriters Laboratories use the same acronym as the Standards Development Organization that created the safety standards: UL.

- 2 -                          Plaintiff's Motion for Partial Summary Judgment

component faults in any control system, short circuit conditions and power surges." S 2-4.

On July 2017, the U.S. Fire Administration (USFA) published a second report on Electronic Cigarette Fires and Explosions. Dalia Dec. SS 5. The USFA report documented approximately 195 reported cases of electronic cigarette fires and explosions between 2009 and December 31, 2016, but most cases are not reported. SS 7-8. The USFA described the cells as behaving like "flaming rockets" when the cell fails. SS 9. The USFA found that e-cigarette devices should have the UL stamp of approval. SS 10-11. The USFA also concluded that lithium-ion batteries should not be used in e-cigarette devices. SS 6, 12.

On April 27, 2018, UL released UL 8139 1st edition which establishes the safety standards for electronic cigarettes' and vaping devices' electrical systems. SS 14-15. UL 8139 prohibited the direct replacement of cells in a battery compartment for e-cigarette devices. SS 16. An agent of the FDA approved UL 8139. SS 17-18. On September 19, 2018, the Portable Rechargeable Battery Association (PRBA) published its Safety Policy on Use and Handling of Stand-Alone Cylindrical Lithium-Ion Cells. Dalia Dec. SS 19. The publication stated that stand-alone and removable lithium ion cells not marketed as "single cell lithium ion batteries" should not be handled by consumers; LG Chem is a member of the PRBA along with the rest of the world's biggest battery manufacturers. SS 19-21.

1   The FDA has never approved a device that uses removable 18650 lithium-ion cells
2   as a power source. SS 22.

3   LG Chem has repeatedly stated that its cells are industrial component parts
4   that are not intended to be used outside of a battery pack by individual consumers.
5   SS 23. The LG Chem cells are supposed to be packed together into battery packs
6   containing safety mechanisms that will protect consumers. See Id.

7   Plaintiff was injured by the explosion of an 18650[3] lithium-ion battery he
8   purchased from Smoke City for Less LLC. SS 24-28. The injury took place on
9   November 7, 2019. Id. Smoke City for Less LLC's owner has stated under oath
10  that Vapor Beast LLC is the only entity Smoke City for Less LLC purchased
11  lithium-ion batteries from before Plaintiff was injured. SS 29. Smoke City for Less
12  LLC, via written discovery, also stated that it purchased its batteries from Vapor
13  Beast LLC. SS 30. Plaintiff originally attempted to sue LG Chem Ltd., the battery
14  manufacturer, but the Court denied personal jurisdiction over the manufacturer.
15  ECF No. 29.

16  **II.    Legal Authority**

17  The "party seeking summary judgment always bears the initial
18  responsibility of informing the district court of the basis for its motion, and
19  identifying those portions" of the record which demonstrate "the absence of a

---

[3] 18650 denotes the measurements of the cell. It means that the cell is 18mm by 65mm and the "0" means the cell is cylindrically shaped.

1  genuine issue of material fact." *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed.R.Civ.P. 56). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Liberty Lobby, Inc., at 248; see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (the requirement that a dispute be "genuine" means that there must be more than "some metaphysical doubt as to the material facts"). Consequently, the central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Lobby, Inc., 477 U.S. at 251–52.

//

//

//

//

//

## III. Argument

### A. Lithium-ion cells should never be used as individual removable power sources according to the federal government, the battery trade association and, basic scientific standards.

Multiple government agencies have agreed that 18650 lithium-ion cells are not supposed to be used in connection with these e-cigarette devices. The USFA conducted studies showing the gravity of these injuries and expressly stated that these sources of power are not safe for e-cigarette devices. SS 5-12. An accredited Standards Development Organization (UL), with support from the FDA, established the basic industry standards for e-cigarette devices and their power sources. SS 1-4, 13-18; The most relevant safety requirement here is that the battery compartment is prohibited from allowing direct replacement of cells. SS 16. The trade association for portable rechargeable batteries, encompassing the world's biggest battery manufacturers, also agrees that these cells should not be used with e-cigarette devices. SS 19-21. To date, the FDA has never approved an e-cigarette device that utilizes individual 18650 lithium-ion cells as a power source. SS 22. Plaintiff's November 2019 injury from an 18650 lithium-ion cell was entirely preventable because multiple government agencies, the relevant trade association, and the organization tasked with establishing safety standards for this industry all agreed no

later than September 2018: 18650 lithium-ion cells should not be used outside of a battery back by individual consumers. SS 1-22.

### B. LG Chem Ltd. manufactured the cell that injured Plaintiff.

Plaintiff and Vapor Beast LLC's experts have both agreed that the cell is a model manufactured by LG Chem. SS 31-37. The subject cell has features unique to an LG Chem cell: an anode tab measuring approximately 34mm long with a 3-by-24 grid pattern on the side, a 4-hole top cap, and a 4-by-10 embossment pattern. SS 31-36. Vapor Beast's own expert agrees that the cell that injured Plaintiff was manufactured by LG Chem. ["The CT scan of the subject battery cell revealed characteristics that would indicate this battery cell was manufactured by LG with a current rating of 10A."; "S-E-A agrees that the subject cell has manufacturing characteristics to indicate it was manufactured by LG with a 10A rating." SS 37 Exhibit N. As such, there is no genuine dispute as to who manufactured the injurious cell (i.e. LG Chem).

### C. Plaintiff is unable to hold a judgment against the manufacturer thereby making the product sellers strictly liable.

Under Washington state law, Defendants are considered "product sellers." RCW 7.72.010(1). A "product seller" is treated as a manufacturer for strict liability purposes when no solvent manufacturer is subject to service of process in Plaintiff's domicile or the state of Washington or the Court determines that it is highly probable

1  that the claimant would be unable to enforce a judgment against any manufacturer.

2  RCW 7.72.040(2)(a),(b).

3      Plaintiff attempted to sue LG Chem for Plaintiff's injury. Unfortunately, the

4  Court ruled that LG Chem is not subject to personal jurisdiction. ECF No. 29. The

5  Court ruled that Plaintiff cannot hold LG Chem in this Court, let alone obtain a

6  judgment against LG Chem in this Court. Therefore, it is beyond "highly probable"

7  that Plaintiff would be unable to enforce a judgment against the manufacture. RCW

8  7.72.040(2)(a),(b). As such, the "product sellers" (retailer and distributor), are to be

9  treated as manufacturers for strict liability purposes. Id.

10      **D.    Defendants are strictly liable as manufacturers because the products are**

11  **not designed to be used by individual consumers outside of a battery pack.**

12      A manufacturer is strictly liable when the product is "not reasonably safe in

13  construction." RCW 7.72.030(2). A product is "not reasonably safe in construction"

14  when "the product deviated in some material way from the design specifications."

15  RCW 7.72.010(2)(a).

16      Strict liability is the applicable standard for a failure to warn or design defect

17  claim maintained under Washington's Product Liability Act (WPLA). *Kirkland v.*

18  *Emhart Glass S.A.*, W.D.Wash.2011, 805 F.Supp.2d 1072. Washington utilizes a

19  "buyer oriented approach" in that the focus is on the buyer's expectation, not the

20  actions of the seller or manufacturer. *Lenhardt v. Ford Motor Co.* (1984) 102

Wash.2d 208, 683 P.2d 1097. Several policy reasons justify imposing strict products liability on product sellers: (1) Product sellers are in a better position to exert pressure on manufacturers to increase the safety of the product; (2) Consumers look to the seller for advice on selecting, operating, and maintaining the product; (3) Product sellers are in a better position than consumers to absorb the cost of injury because the product seller can spread the costs of injury among the entire consuming public. *Buttelo v. S.A. Woods-Yates American Mach. Co., Inc.* (1993) 72 Wash.App. 397, 864 P.2d 948.

Despite UL 8139 expressly prohibiting the direct replacement of cells in vaping devices in 2018 (more than a year before Plaintiff's injury) and this ongoing lawsuit, Smoke City for Less continues to sell 18650 lithium-ion cells for use outside of a battery pack. SS 14, 39-41. Smoke City for Less LLC removed the cells from their original packaging, placed the cells in a glass display case in the store, and then sold the cells to customers with an optional plastic case depicting the retail store's name. SS 43-45. Previously, the retailer did not even provide a plastic safety case for carrying the cells. SS 46.

During this litigation, the retailer has been selling cells that reinforce the fact that these cells are not designed for use outside of a battery pack; A cell produced by the retailer during litigation says "DANGER DO NOT USE OUTSIDE OF DATTERY [sic] PACK." SS 41. The retailer even confirmed that the retailer

continued to sell these cells in direct contradiction to the warning displayed on the cell. SS. 41.



Q. So would you say that you believe this battery that you put on the display shelf after taking a picture of it was safe for sale?

A. Yeah;

Q. Do you believe that this battery is safe to be removed from the vape device, charged, and subsequently placed back into the device?...

A. Which battery? The one in the picture?

Q Yes, the one in this picture.

A. Yeah. SS 41.

Vapor Beast was, at the very least, selling battery cases in 2019 to Smoke City for Less LLC. SS 47. Furthermore, Smoke City for Less LLC has repeatedly stated that it purchased its batteries from Vapor Beast LLC. SS 29-30. It serves the retailer's own interests to identify the battery distributor because the distributor

would alleviate the burden of liability.

LG Chem has repeatedly stated that its cells are not designed to be used outside of battery packs by individual consumers. SS 23. As such, the retailer and distributor has been selling cells that have "deviated from the design specification" by selling them outside of battery packs. RCW 7.72.030(2) and RCW 7.72.010(2)(a).

**IV.   Conclusion**

Plaintiff requests that the Court grant Plaintiff's Motion for Partial Summary Judgment as a matter of law regarding Plaintiff's design defect claim. Alternatively, Plaintiff requests that the Court resolve three issues: (1) the cell that injured Plaintiff was manufactured by LG Chem; (2) retailers, wholesale retailers, and distributors are to be treated as manufacturers for purposes Washington strict products liability because the manufacturer is not subject to personal jurisdiction; and (3) scientific and industry standards prohibited the use of individual 18650 lithium-ion cells as a removable power source without a protective battery pack before Plaintiff was injured.

Dated: October 11, 2024.                    Respectfully submitted,

                                       CORRIE YACKULIC LAW FIRM, PLLC

                                       */s/ Corrie Yackulic*
                                       Corrie Yackulic, WSBA No. 16063

**Corrie Yackulic Law**
110 Prefontaine Place South, Suite 304
Seattle, WA 98104
Telephone: (206) 787-1915
corrie@cjylaw.com


LEVIN SIMES, LLP

_/s/ Kevin Dalia_____
Laurel L. Simes
*Admitted Pro Hac Vice*
Kevin S. Dalia
*Admitted Pro Hac Vice*
**Levin Simes LLP**
1700 Montgomery Street, Suite 250
San Francisco, CA 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
llsimes@levinsimes.com
kdalia@levinsimes.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the within and foregoing *PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 11th day of October 2024.

> */s/ Kevin S. Dalia*
> Kevin S. Dalia